# CASES

# THE COURT OF CHANCERY

## OF THE STATE OF NEW-JERSEY.

## OCTOBER TERM, 1840.

---

## ANN HARTSHORNE v. WILLIAM HARTSHORNE.

It is settled at this day, that the courts of law and equity hold a concurrent jurisdiction in relation to dower and partition; and in many cases there is an indispensable necessity for the exercise of this jurisdiction by a court of equity. If the legal title of the complainant be denied, it is in the power of the court to send that question to be tried at law, and such is the universal practice.

A purchaser of the equity of redemption at a sheriff's sale, takes the property *cum onere*, and acquires no rights beyond what remain in the mortgagor after satisfying the incumbrance out of the land.

The purchaser of the equity of redemption will in no event be permitted to hold the land discharged of the incumbrance; and if he attempt to make the debt by buying up the bond and mortgage, and recovering the amount unjustly out of the obligor, the debt will in his hands be considered extinguished.

It seems that the purchaser of the equity of redemption is liable to the extent of the land purchased, and no further, and that he will at all times be discharged upon releasing the land.

If the husband before marriage, or in conjunction with the wife after marriage, execute a mortgage, the widow can only have her dower subject to such mortgage; and if the mortgage be foreclosed and a sale made, the widow's rights are barred except as to the surplus after satisfying the mortgage.

[Hartshorne v. Hartshorne.]

If the purchaser of the equity of redemption take an assignment of the mort-
    gage, the debt is not thereby merged or extinguished, and the widow is en-
    titled to her dower in the equity of redemption only, subject to the mort-
    gage.

THE bill states that the complainant is the widow of Richard
S. Hartshorne, late of the township of Freehold, in the county
of Monmouth, deceased.   That the said Richard S. Hartshorne
in his life time, and during the complainant's coverture, was
seized in fee of divers messuages, lands and tenements, in the
said bill of complaint particularly described.   That the marriage
of the complainant with the said Richard S. Hartshorne was
duly solemnized on the 3d of August, 1820, and that they lived
together as man and wife until the death of the said Richard,
which occurred in the month of October, 1833.   That on the
25th of April, 1827, judgment was recovered in the inferior
court of common pleas of the county of Monmouth, against the
said Richard S. Hartshorne, upon which judgment execution
was issued ; and that by virtue of the said execution certain real
estate of the said Richard was sold, on the 5th of January,
1828, subject to all legal and prior incumbrances, for the sum
of two dollars, to William Hartshorne and Esek Hartshorne,
two of the children of the said Richard S. Hartshorne.   That
the said Richard S. Hartshorne, prior to his marriage with the
complainant, and on or about the 3d of June, 1808, executed to
one Edmund Williams a mortgage upon the premises sold by
virtue of the said execution, to secure the payment of three
thousand dollars, which at the time of the said sale had been
paid to the said Edmund Williams excepting about eleven hun-
dred dollars, which remained a lien and incumbrance upon said
premises ; and that the said mortgage has been assigned by the
said Edmund Williams to the said William Hartshorne, one of
the purchasers at the sheriff's sale.   That on the 12th of April,
1824, the said Richard S. Hartshorne and his wife, the com-
plainant, executed a mortgage on said premises to Jacob Quack-
enbush, to secure the payment of two thousand two hundred
dollars, which at the time of the said sheriff's sale was reduced

[Hartshorne v. Hartshorne.]

by payments to about one thousand six hundred dollars.   That the said last mentioned mortgage has been assigned to one John W. Holmes, and is paid and satisfied excepting about six hundred dollars, which still remains due thereon.   The bill further states, that other mortgages upon the said premises were executed by the said Richard S. Hartshorne in his life time, which have been paid and satisfied.   That on the 2d of May, 1835, the said Esek Hartshorne and William Hartshorne sold and conveyed a part of the said premises by them purchased at the sheriff's sale, to Daniel Baker ; and on the 24th of December, 1835, the said Esek Hartshorne sold and conveyed his undivided half part of the residue of said premises to the said William Hartshorne.   That from the death of the complainant's husband she has held and enjoyed the mansion house, and refused to deliver up the possession thereof, and has also refused to release her dower in the said premises, but has requested the same to be set off to her.   That no settlement or provision in lieu of dower having been made for the benefit of the complainant upon or before her marriage with the said Richard S. Hartshorne, she became entitled upon his death to dower in all the lands of which he was seized in fee at any time during the coverture, and particularly in the lands owned and occupied by the said William Hartshorne.   That nothing has been paid her in satisfaction or in lieu of her dower.   The bill prays that the complainant may be decreed to be entitled to her dower in the said premises, and also to one third of the rents, issues and profits thereof, accruing since the death of her husband or her demand of dower ; and that an account may be taken of what is due to her in that behalf, and that the said William Hartshorne may be decreed to pay the same.   That she may be let into possession and receipt of the said rents and profits, and decreed to be entitled to hold and enjoy the same for life, and if necessary that a commission may issue for the purpose of assigning and setting out such dower.

To this bill the defendant demurred for want of equity, and also for want of proper parties ; assigning for cause of demurrer,

[Hartshorne v. Hartshorne.]

that it appeared by the said bill that a mortgage upon the said premises was given by the said Richard S. Hartshorne in his life time to Jacob Quackenbush, and by him assigned to John W. Holmes, which still remained unsatisfied; and also that a part of the premises had been conveyed in fee to Daniel Baker : yet neither the said Jacob Quackenbush, John W. Holmes, nor Daniel Baker, are made parties.

The cause came on for hearing upon the demurrer to the bill.

*P. Vredenburg,* in support of the demurrer, insisted,

1. That Daniel Baker, a purchaser of part of the premises sold by the sheriff to William and Esek Hartshorne, and John W. Holmes, the assignee of a mortgage executed by Richard S. Hartshorne, the husband of the complainant, before her marriage, are necessary parties to the bill.

2. That chancery has no jurisdiction in matters of dower.

3. That the complainant, upon the case disclosed in the bill, is not entitled to dower.   The defendant is a mortgagee in possession, and entitled to hold the premises free of dower : *Woodhull* v. *Reeves,* 1 *Harr.* 128 ; 4 *Kent's Com.* 71 ; *Harrison* v. *Eldridge,* 2 *Halsted,* 401 ; 2 *Brown's Chan.* 630.

*Wilson,* for complainant, contra.

No dower is claimed in that part of the premises conveyed to Baker : he is not, therefore, a proper party to the bill.   Holmes, the mortgagee, is not affected in any way by a decree for dower, and is not, therefore, a proper party : 2 *Maddock's Chan.* 184 ; 3 *P. W.* 310.

Chancery has concurrent jurisdiction with the courts of common law in cases of dower : 2 *Sellon's Prac.* 204 ; *Rev. Laws,* 399 ; 1 *Maddock's Chan.* 242 ; 2 *Vesey, jr.* 127–8 ; 4 *Kent's Com.* 73 ; 4 *John. Chan. R.* 604 ; 5 *Ibid,* 482 ; 7 *Cranch,* 371.

The widow is entitled to dower in the equity of redemption, on paying one third of the mortgage debt, or keeping down one third

of the interest thereon : 2 *Greenleaf*, 41 ; 5 *Pickering*, 146 ; 1 *Conn.* 559 ; 12 *Serg. and R.* 181 ; 1 *Randolph*, 344 ; 6 *J. R.* 290 ; 7 *J. R.* 281 ; 15 *J. R.* 319 ; 1 *Swans.* 478 ; 2 *Swans.* 248 ; 2 *Pow. on Mort.* 300, 700 ; 3 *Ibid*, 1089, *n.* 1 ; 6 *Cowen*, 316 ; 14 *Wend.* 233 ; 1 *Paige*, 193 ; 1 *John. Chan. R.* 45 ; 5 *Ibid*, 452, 491 ; 1 *Southard*, 260 ; 2 *Ibid*, 865 ; 2 *John. Chan. R.* 125.

*I. H. Williamson*, for complainant.

The complainant does not claim dower in the land owned by Baker. She cannot file a bill against the owners in severalty of all the lands in which she claims dower, but must proceed against each owner separately. Baker is not a proper party to this bill ; he has no interest that can be affected by it. Nor is Holmes a proper party. No decision in this suit can affect the mortgagee.

This court has jurisdiction of the subject matter of the suit. In cases of partition and dower, courts of law and equity have concurrent jurisdiction. Where a widow claims dower in an equity of redemption, there are special reasons for coming into a court of equity.

In England dower is strictly a legal right, and the widow is not entitled to dower in a trust estate, or in an equity of redemption : 1 *Fonb.* 20 ; 1 *Blacks. R.* 123.

In nearly all the states of the American union, a widow is entitled to dower in an equity of redemption. Even in England at this day the court of chancery exercises concurrent jurisdiction with the courts of law in cases of dower : 2 *Vesey, jr.* 122 ; *Mitford's Plead.* 109, 110, 112 ; 1 *Bland's Ch. Rep.* 206 ; 5 *John. Chan. R.* 486 ; 7 *Cranch*, 370, 376.

And there is no necessity to allege in the bill of complaint any special reason for coming into equity to recover dower : 4 *Brown's Chan. Cas.* 294.

In the present case there are impediments in the way of proceeding at law, which render it necessary for the party to come into a court of equity. There is an outstanding mortgage, which in a court of law might have been set up to defeat the recovery of

dower. The complainant, moreover, seeks important discoveries; she could not proceed without the aid of a court of equity.

Where the mortgagee has never entered into possession or foreclosed the equity of redemption, the widow has her dower: 6 *J. R.* 290; 7 *Ibid,* 278; 15 *Ibid,* 319; 4 *Kent's Com.* 42–3–4; 5 *John. Chan. R.* 452.

In England an equity of redemption cannot be sold on execution: in New-Jersey it may. By the act of the legislature (*Rev. Laws,* 431) the sheriff is required to sell all the lands whereof the defendant is seized. Under this statute the equity of redemption is constantly sold. The mortgagor, in New-Jersey, is *seized* of the equity of redemption.

The wife joining in the mortgage is only as security for the debt, and the personal representatives may be called upon to pay off the debt and relieve the estate: *Harrison* v. *Eldridge,* 2 *Halsted,* 392; 1 *Bland's R.* 228; 2 *Pow. on Mort.* 678.

The purchaser of the equity of redemption is bound to pay off the incumbrances. It is a fraud on his part to attempt to set up the mortgage as a bar to the widow's dower: 2 *South,* 865.

The equity of redemption is all that was sold by the sheriff, and all that the defendant acquired by the purchase: 10 *J. R.* 481; 2 *Halsted,* 392; 5 *John. Chan. R.* 452.

If a man purchases the equity of redemption, a court of equity will raise an implied promise to pay the debts on the property: 7 *Vesey,* 337; 3 *John. Chan. R.* 259; 2 *Ibid,* 125.

He is only liable to the extent of the land; nothing more is pretended: 5 *John. Chan. R.* 481.

The mortgage which the defendant took by assignment was his debt to pay, and became merged in his legal title. A court of equity will allow an incumbrance to be kept alive for an honest purpose; but it will consider an incumbrance paid off or not, as will most advance the justice of the case: 1 *Harrison,* 128; 6 *J. R.* 395; 1 *Cowen,* 460, 478.

*Vredenburg,* in reply, insisted that the defendant is a mortgagee in possession, against whom the widow is not entitled to

dower. The fact of his having purchased the equity of re-demption, cannot affect his rights under the mortgage. The complainant can acquire no right by coming into equity, to which she was not entitled at law.

THE CHANCELLOR. This is a bill for dower. The complainant alleges, that her husband was seized in fee of certain lands in the county of Monmouth, during their coverture, of which she claims to have set off one third part for her dower. It is stated in the bill, that prior to the marriage, her husband gave a mortgage on the property whereof dower is claimed, for three thousand dollars, on which payments have been made reducing it to eleven hundred dollars, and that such mortgage has been assigned to the defendant. The defendant purchased the equity of redemption at sheriff's sale, and afterwards procured the as-signment of the aforesaid mortgage. The bill further states, that during the marriage, the complainant and her husband also ex-ecuted a mortgage on the property for two thousand two hundred dollars, which has been reduced by payments to six hundred dol-lars, and is held by John W. Holmes. Other mortgages are set out in the bill, but as they are said to be paid off and discharged it is not material to state them here. To this bill there is a de-murrer for want of equity and for want of parties, which presents some questions important to be settled.

In the first place, it is insisted that this court has no jurisdic-tion in dower, and that in New-Jersey the remedy is exclusively in the common law courts. Whatever difference of opinion on this subject might at one time have existed, I consider it settled at this day, that in relation to both dower and partition the courts of law and equity hold a concurrent jurisdiction. I had occasion recently to examine a case of partition, and became satisfied not only of the authority of this court over it, but of the indispensa-ble necessity for its exercise. There are cases, and the one be-fore me was of that character, in which the parties could not have had the proper relief at law. So in dower, in favor of the widow, it is indispensable in many cases for the sake of discove-

[Hartshorne v. Hartshorne.]

ry by the oath of the defendant as to the property, its nature, and the incumbrances upon it, and sometimes for an account of the rents and profits, that the jurisdiction of this court should be maintained.   If the legal title be denied, it is always in the power of the court to send that question to be tried at law, and such is the universal practice.   This subject has been much discussed, but it should now be considered as settled in favor of the jurisdiction, both in England and in this country : *Mundy* v. *Mundy*, 2 *Vesey, jr.* 128 ; *Curtis* v. *Curtis*, 2 *Brown's Ch. Cas.* 620 ; 1 *Maddock's Chan.* 242 ; *Swaine* v. *Perrine*, 5 *Johns.Chan. R.* 488 ; *Badgley* v. *Bruce and Halsey*, 4 *Paige*, 98.

The defendant is a purchaser of the equity of redemption in the premises whereof dower is demanded, and has by assignment become the owner of a mortgage made by the husband prior to his marriage with the complainant.   On the one side, it is insisted, that by this assignment the mortgage became merged or extinguished when it came into the defendant's hands ; and on the other, that the defendant is a mortgagee in possession, and the complainant's rights thereby barred.   A purchaser of the equity of redemption at a sheriff's sale, takes the property *cum onere*, and acquires no rights beyond what remain in the mortgagor after satisfying the incumbrance out of the land.   If, by any device or circuity, such purchaser should procure the payment of the mortgage without a resort to the land, as by suit against the mortgagor or his representatives on the bond, manifest injustice would take place ; for he would then have the property clear of the very debt subject to which it was sold.   By such a course a purchaser, for a nominal sum, might become possessed of a valuable estate, and the mortgagor virtually twice discharge the same debt.   This difficulty was presented to chancellor Kent and fully settled by him, in the case of *Tice* v. *Annin*, 2 *Johns. Ch.* 125.   The rule he established in that case was this : If a creditor other than the mortgagee sells the equity of redemption by an execution at law, the mortgage debt remains undisturbed, and the rights of the mortgagor over and above the mortgage in the property are rightly disposed of to satisfy his creditors.

[Hartshorne v. Hartshorne.]

This case presents no embarrassment. But suppose, after the equity of redemption is thus sold subject to the incumbrance, the mortgagee should prosecute his bond at law, and undertake to sell other property than that contained in the mortgage. Then the chancellor held that a court of equity should either stay such proceedings, or compel the creditor, upon payment, to assign over his debt and security to the debtor, to enable him to indemnify himself out of the mortgaged premises. But in the case referred to, there existed a still greater difficulty. The mortgagee sold the equity of redemption in the mortgaged premises for a part of the debt, and then put it out of his power to assign the securities to the mortgagor by actually assigning them over to the purchaser of the equity of redemption; and to prevent gross injustice, the chancellor, as the only alternative, held the debt extinguished in the hands of the purchaser. All this proceeds on the idea that the purchaser of the equity of redemption shall in no event hold the land discharged of the incumbrance, and if he attempt to make the debt by buying up the bond and mortgage and recovering the amount unjustly out of the obligor, the debt shall in his hands be considered extinguished. In a case so circumstanced, this result seems unavoidable to prevent the grossest injustice and wrong. But I do not understand this case as going the length of saying, that a purchaser of the equity of redemption can be compelled, in all cases, to pay off the antecedent incumbrances farther than the land itself will discharge them. The purchaser placed himself in a peculiar position, and was attempting thereby to do a wrong; and the chancellor, to avoid such wrong, held the debt cancelled in his hands. There are cases, I am aware, which look like holding the purchaser liable for the debt personally, but I cannot think that such is the true doctrine. It is not necessary for me to decide this question here, but I desire to state my conviction, that the purchaser is liable to the extent of the land purchased, and no further, and that he will at all times be discharged upon releasing the land. There is no privity between the mortgagee and the purchaser, and I cannot see upon what principle he can be reached, except

it be through the land which he has purchased. I speak not now of a case where the purchaser enters into special obligation to pay antecedent incumbrances; all such cases will be governed by the terms and character of the contract; but of the ordinary purchaser without special agreement, depending on the obligation which the law in such case imposes. Indeed it is matter of doubt whether it is intended, from the cases, to go farther than the principle as I have stated it. The doctrine proceeds upon the idea that a court of equity, independent of any express contract, will raise upon the conscience of the purchaser an obligation to indemnify the mortgagor against his liability on the mortgage; but to what extent? Certainly not beyond the land purchased. This subject will be found discussed in *Waring* v. *Ward*, 7 *Vesey*, *jr.* 337; *Cumberland* v. *Coddington*, 3 *Johns. Ch.* 261; *Stevenson and Woodruff* v. *Black*, *Saxton*, 342. It is every day's practice to sell the equity of redemption by an execution at law, sometimes at the suit of the mortgagee and sometimes of other creditors. If a purchaser could be called upon to discharge all the incumbrances on his personal liability, it would greatly embarrass these sales, and effectually prevent their being made.

But whether this view of the subject be correct or not, and recognizing the decision in 2 *Johns. Chan.* to which I have referred, in which the bond and mortgage assigned to the purchaser of the equity of redemption was held to be an extinguishment of the debt, still, as it affects the right of dower of the widow in the lands, a new and very different question is presented. It is agreed, that if the husband before marriage, or in conjunction with his wife after marriage, (the deed being acknowledged by the wife in due form of law,) execute a mortgage, and it remains in the hands of the mortgagee, the widow can only have her dower subject to such mortgage; and when this defendant purchased the equity of redemption, he purchased with the widow's right discharged to that extent on the property. Had the mortgage remained as it then was, in the hands of the mortgagee, the widow's dower would have been subject to it,

and why should it be otherwise now that it is transferred to the purchaser? Had a foreclosure and sale taken place under the mortgage, the widow would have been barred her rights, except as to the surplus beyond satisfying the mortgage. At her husband's death the true claim this widow had was to one third of the land after the mortgages were satisfied, and nothing more. In the case in 5 *Johns. Chan.* before cited, it was held that the widow was bound to contribute her ratable proportion towards a mortgage which she had executed with her husband, and which the heir had been obliged to pay off, before allowing her dower in the land. The chancellor in that case says, "To allow her the dower in the land without contribution, would be to give her the same right that she would have been entitled to if there had been no mortgage, or as if she had not duly joined in it. It would be to give her dower in the whole absolute interest and estate in the land, when she was entitled to dower only in a part of that interest and estate."

But the case of *Russell* v. *Austin*, in 1 *Paige*, 193, will be found similar to the one we are now considering. That was a purchase of the equity of redemption at a sheriff's sale, and an assignment to the purchaser of a bond and mortgage made by the husband and wife. It was there argued, that the debt was extinguished and merged by the assignment; but the court held the widow entitled to her dower in the equity of redemption only, subject to the mortgage. In that case, as in this, the intention of the purchaser not to extinguish the debt was manifest, for instead of cancelling the securities he had them assigned to him.

From every view, therefore, which I have been able to give this case, I cannot think this widow entitled to any thing more than her dower in the lands subject to the outstanding mortgages, including the one assigned to the defendant. She is entitled to her dower in the lands in the possession of the defendant, (upon the case stated in the bill,) upon keeping down one third of the interest on the amount due on the property.

As to the parties, I do not see the necessity of bringing Mr. Holmes before the court. His claim can in no way be affected

by any decision here. It is a question entirely between the complainant and defendant. The same rule would apply to any other mortgagee, and with the more force, if the mortgage has been paid off though not cancelled of record. As to Mr. Baker, who purchased a part of the lands, no dower is sought in this action of those lands, and he cannot, therefore, be a necessary or proper party.

While, therefore, my opinion is with the defendant on the main question in the cause, yet, as his demurrer is to the whole bill, and the complainant is entitled to her dower in the equity of redemption, and as there is no defect of parties, the demurrer must be overruled with costs.

Demurrer overruled.