CITED in *Bush, & Howard* v. *Cushman,* 12 *C. E. Gr.* 134 ; *Phillipsburgh Bank* v. *Fulmer,* 2 *Vr.* 56.

---

Between RUSSEL W. ADAMS and JOHN McGRAW, appellants, and THE HUDSON COUNTY BANK, GEORGE M. COFFIN, WILLIAM L. HANFORD, and JACOB YOST, respondents.

The general rule is, that in order to obtain the dissolution of an injunction, all the defendants must answer the equity of the bill. But the qualification of the rule is, that it is enough if those defendants answer upon whom the *gravamen* of the charge rests.

Parol evidence is not admissible to show that the consideration passing between the parties, and the terms upon which a conveyance is expressed to have been made, are totally different and contradictory to the deed itself.

The American authorities are more liberal than the English, in admitting parol testimony for some purposes relating to the consideration expressed in a deed.

---

This appeal was taken from an order dissolving an injunction issued to restrain proceedings at law. The motion to dissolve was argued before the Chancellor, by *Mr. Frelinghuysen,* and *Mr. Bradley,* for the complainants, by *Mr. Randolph,* for the Hudson County Bank, and *Mr. Gilchrist,* for the other defendants.

On the sixth day of February, 1856, it was ordered that the injunction be dissolved with costs.

From this order an appeal was taken.

The Chancellor furnished the court with the following opinion, as containing the reasons for his decree.

WILLIAMSON, C.  Coffin and Hanford, two of the defendants, were indebted to the Hudson County Bank, in a sum exceeding $20,000.  The bank held commercial and business paper of Coffin and Hanford, which had from time to time been deposited to their account in the bank. They were in failing circumstances, and in order to secure the bank their debt, they executed to the bank a bond and mortgage, covering their real estate in Jersey City, for the sum of seventeen thousand dollars, and also confessed a judgment for the sum of six thousand dollars. At the time of confessing the judgment, an agreement in writing was executed by the bank, by which, among other things, it was stipulated and agreed that all moneys that should be paid to the said bank by any person liable upon the said commercial paper held by the bank, amounting to about $23,000, and all moneys paid to the bank by the said Coffin and Hanford should be credited upon the said judgment, and not upon the mortgage, until the said judgment was paid ; and that the bank should be at liberty to collect the moneys due upon the said paper, and apply them to the said judgment, and to no other purpose, until the said judgment should be paid.  The real estate mortgaged to the bank was subject to other mortgages, which, together with the bank mortgage, amounted to about $31,000.

Coffin and Hanford were also indebted to one of the complainants, Russell W. Adams, in about the sum of ten thousand dollars.  To pay this indebtedness, Coffin and Hanford and their wives, on the 19th day of November, 1853, executed and delivered to Adams their warranty deed, in fee simple, for the same real estate in Jersey City mortgaged, as aforesaid, to the bank.  In the *premises* of the deed, the consideration is set out as $10,000, following the description of the parties.  The *habendum* and *tenedum* clause is as follows: to have and to hold the above granted, bargained, and described premises, with the appurtenances, unto the said party of the second part,

his heirs and assigns, to his and their own proper use, benefit, and behoof for ever, subject nevertheless to several mortgages on the same premises, held by different parties, the amount payable upon which is in the aggregate up- wards of thirty-one thousand dollars, *and also subject to a certain judgment, for the sum of six thousand dollars, held and owned by the Hudson County Bank, in Jersey City aforesaid.* Among the usual covenants is one that the premises "are free, clear, discharged, and unencum- bered of and from all former and other grants, titles, charges, estates, *judgments*, taxes, assessments, and encum- brances, of what nature or kind soever, *except as aforesaid.*" Adams has since conveyed one undivided .half of the prop- erty to John McGraw, the other complainant.

The Hudson County Bank were about enforcing their judgment and execution against the real estate mentioned in the deed and the mortgage. The complainants exhibit their bill to enjoin them.

The equity of the bill is here. It alleges, that when Coffin and Hanford executed and delivered their deed to Adams, they agreed, as part consideration for the extin- guishment of the debt they owed him, that Adams should have the benefit of the said securities held, as aforesaid, by the Hudson County Bank, and to have the amount which the bank should receive upon them credited upon the judgment; it alleges that the bank has received the sum of five thousand and fifty-four dollars upon the se- curities, which they refuse to credit on the judgment, but have applied to the general indebtedness of Coffin and Hanford to the bank.

There is no difficulty between the bank and Coffin and Hanford. After the deed was given to Adams, Coffin and Hanford served a written notice upon the cashier or presi- dent of the bank, to the effect that they had conveyed the property subject to the judgment, and that the bank must preserve the lien of the judgment upon the property for the benefit of Coffin and Hanford, and not appropriate

the assets in their hands to the satisfaction of the judgment.

The whole equity of the bill is denied very fully and circumstantially by the answers, and I think the circumstances of the whole transaction are such, as disclosed by the bill itself, as entitle the defendants to the full benefit of their denial of the complainant's equity.

The allegation of the bill is, that it was part of the consideration between Adams and Coffin and Hanford that Adams should have the benefit of the securities held by the bank, to be applied to the judgment. This is in direct contradiction to the terms of the deed, which makes the mortgages and the judgment part of the consideration. This is not denied by the bill. It admits that the encumbrances upon the property, including this judgment, did not amount to the full value of the property, and that Adams was to pay these encumbrances, but insists he was to have the benefit of the securities to be applied to satisfy, as far as they would, the judgment. Why this agreement, so important to Adams, was not mentioned in the deed, or why it was not reduced to writing, is not in any way explained. Coffin and Hanford deny that there was any such agreement. They state circumstantially what the transaction between the parties was, and their statement is sustained by the writings between them. There is no fraud alleged. The parties rely upon the agreement.

The defendants are entitled to have this injunction dissolved, on the ground that the equity of the bill is denied. They are entitled to a dissolution on another ground, that it is not competent for the complainants to prove that they were to have the benefit of the securities to extinguish the judgment. This is in direct contradiction to the terms of the deed. The deed conveys the property expressly subject to the judgment, and without any qualification. The judgment is made a part of the consideration of the deed. The agreement set up by the complainants is in direct contradiction—it is, that the property was only to

be subject to the judgment conditionally, and that the grantee was to have the benefit of the grantor's property to pay it; and under that agreement the complainants now claim a credit upon the judgment of $5054. There is no principle upon which parol evidence of such a character is admissible. It is true the American authorities are more liberal than the English in admitting parol testimony for some purposes relating to the consideration expressed in a deed. It has been held that the deed is not conclusive as to the amount of the consideration expressed, and that although the deed acknowledges the receipt of the purchase money, the grantor is not thereby *estopped* from showing that it has not been paid. But this is as far as the authorities have gone. If the agreement alleged to have been made in this case is competent to be proved, then any essential part of a deed may be varied or contradicted *by parol*. Here the attempt is not to show that the amount of the consideration money is different from that recited in the deed, but that the consideration passing between the parties, and the terms upon which the conveyance is expressed to have been made, are totally different, and contradictory to the deed itself. The deed makes the property subject to the judgment absolutely, the alleged agreement only conditionally

The injunction must be dissolved with costs.

The Chief Justice delivered the opinion of the Court of Appeals.

GREEN, C. J. This appeal is taken from an order dissolving an injunction issued to restrain proceedings at law. The order is based by the Chancellor on two grounds: 1. Because the equity of the bill is denied by the answers. 2. Because, on the case made by the complainants in the bill, they are not entitled to relief. If either of these grounds is well taken, the order is right, and should be affirmed.

1 The answer of Coffin and Hanford, two of the de-

fendants, contains a full and explicit denial of the entire equity of the bill. If the answer be true, it is clear that there is no equity in the complainant's case. There is nothing in the answer sufficient to discredit it or to deprive it of its efficacy as an answer. Nor does the weight of the evidence contained in the affidavits (admitting them all to be competent) make so clear a case for the complainants as to deprive the defendants of the benefit of their answer.

But it is objected that the Hudson County Bank have not fully answered the equity of the bill. The general rule undoubtedly is, that in order to obtain the dissolution of an injunction, all the defendants must answer the equity of the bill. But the qualification of the rule is, that it is enough if those defendants answer upon whom the *gravamen* of the charge rests. *Vleit* v. *Lowmason*, 1 *Green's Ch. R.* 404 and *note*; *Stoutenburgh, Day & Co.* v. *Peck*, 3 *Green's Ch. R.* 446. In this case the *gravamen* of the charge rests on Coffin and Hanford, who have fully answered. The answer of the bank is full, so far as it relates to matters within their knowledge.

This disposes of the appeal. But the design of the appellant was probably to test the opinion of this court upon the second point upon which the order is based ; for it is obvious that if the Chancellor is right upon this point the case is finally disposed of. This renders it proper that the second ground of the Chancellor's opinion should also be examined.

2. Are the complainants entitled to relief upon the case made by the bill ?

The complainants are the grantees of certain real estate in Jersey City purchased of Coffin and Hanford. At the time of the purchase and conveyance of the land, the Hudson County Bank held a judgment in the Supreme Court for $6000 against the grantors, Coffin and Hanford, to which, independent of any special agreement, the land was liable. At the time of the conveyance to Adams, the

complainant, then existed an agreement between the bank and Coffin and Hanford that the bank should apply the proceeds of certain collateral securities, held by the bank exclusively, toward the liquidation of the judgment. The bill charges, that in the contract for the sale of the land, Coffin and Hanford agreed that the purchaser should have the benefit of all those collaterals so left with the bank and insists that they should in equity be applied in liquidation of the judgment.

The land is conveyed in fee " subject nevertheless to several mortgages on the same premises, held by different parties, the amount payable upon which is in the aggregate upwards of thirty-one thousand dollars, and also *subject to a certain judgment for the sum of* $6000, *held and owned by the Hudson County Bank in Jersey City aforesaid.*"

The complainants insist that, by virtue of a parol agreegreement between the grantors and grantee at the time of the purchase, they are entitled to have the land relieved, in whole or in part, from the lien of that judgment. The answer is, that the agreement attempted to be set up is in direct contradiction of the terms of the grant. And it is difficult to see how the effect of the answer is to be evaded. The grantors convey the land in clear and express terms subject to the judgment. The bill seeks to relieve the land of the encumbrance of the judgment by force of an alleged parol agreement.

It is objected that the purchase of land subject to encumbrances involves no covenant on the part of the grantee that he will pay the encumbrances.

The rule certainly is, that the purchase of an equity of redemption does not render the purchaser *personally* liable for the encumbrances on the property. There is in such purchase no contract, express or implied, that the purchaser assumes the payment of the encumbrances as a personal liability. *Stevenson et al.* v. *Black, Saxton's R.* 338 ; *Tichenor* v. *Dodd,* 3 *Green's Ch. R.* 454.

But the question in this case is not whether the pur-

chaser is personally liable to pay the judgments, but whether, by the terms of the grant, the land is subject to the encumbrance. That it is so by the express language of the deed is too clear to admit of controversy.

It is further objected, that though the land be liable to the lien of the judgment, it is liable *contingently* only, *viz.* so far as the judgment should remain unsatisfied under the arrangement between the grantors and the bank, or so far only as the judgment might, under the stipulation of the bank, constitute a legal lien on the land; and it is insisted that, by virtue of the agreement between the grantors and the bank, the judgment was not a lien on the land. But that is not the effect of the agreement. By operation of law, the judgment is a lien on real estate, and there is nothing in the agreement which invalidates the lien. The agreement of the bank is, that the *execution* shall be levied only on certain specified personal property, but it is entirely silent as to the lien of the judgment upon the real estate. That lien exists without the levy of an execution.

But it is said that at the time of the conveyance there was in the hands of the bank funds or securities nearly sufficient to extinguish the judgment, and that the balance, alone, can constitute a lien on the land. If at the time of the conveyance the securities had been collected, and applied by the bank in part satisfaction of the judgment, the argument might be sound. But the securities, or the avails of the securities, still continued the personal property of the grantors. The judgment remained unsatisfied in whole or in part. And if the funds of the grantors are to be applied to extinguish the judgment existing at the time of the conveyance, in what sense can it be said that the land was conveyed subject to the judgment? The plain and obvious meaning of the deed is, that the grantees should take the land with the encumbrance of the judgment. How can it be held that the grantors are to pay the judgment out of their own funds

without conflicting directly with the terms of the deed and the obvious intention of the parties to the instrument?

The decree must be affirmed.

Decision affirmed by the following vote:

*For affirmance*—CHIEF JUSTICE, Judges ARROWSMITH, RISLEY, CORNELISON, HAINES, RYERSON, ELMER, OGDEN, VREDENBURGH, POTTS, VALENTINE, WILLS.

*For reversal*—None.