This suit is brought to recover a deficiency arising from a foreclosure sale. The bond and mortgage were given by the defendants Vinik to complainants. The Viniks subsequently conveyed the mortgaged premises to one Ratner. He in turn conveyed them to defendants Landau and Davidson, who expressly assumed the mortgage on the conveyance from Ratner. Ratner executed no express written assumption of the mortgage.
The theory of the complainant is that the defendants Landau and Davidson are liable because Ratner assumed the mortgage. It is only by such a chain of assumption that they could be held liable. Eakin v. Shultz, 61 N.J. Eq. 156. *Page 43 
Complainants attempt to spell out an assumption by Ratner from the documents executed in connection with the conveyance of the premises by complainants to him and the facts and circumstances surrounding such conveyance. Such an assumption can be proven by parole. Dieckman v. Walser, 114 N.J. Eq. 382. However, I do not find that there was any such assumption. It has been held that where the amount of an existing mortgage has been deducted from a fixed purchase price, an agreement to assume the mortgage will be implied. Such does not appear to be the situation here. The conveyance was made pursuant to a contract for exchange of premises between Ratner and the Viniks. The printed form used by them is so entitled. It contains a covenant that the Viniks "in consideration of $1.00 * * * and also in consideration of the conveyance by the party of the first part [Ratner] of the real property hereinbefore mentioned agrees to grant and convey to the party of the first part, at a valuation for the purpose of this contract of $32,000.00," the premises in question. It further contains a provision that the premises are to be conveyed subject to two mortgages, one of which is that in suit, and also a purchase-money mortgage of $1,300. It will be noted that there is no agreement to pay the sum of $32,000. The covenants by Ratner are similar and in both cases the consideration is expressed to be $1 and the conveyance by the other party. The deed for the premises was executed to Ratner without any express assumption and he gave a third mortgage in the amount of $2,250, the increase over the $1,300 mentioned in the contract being apparently explained by the fact that payments had reduced somewhat the principal of the first and second mortgages. From these facts I cannot spell out any implied assumption on the theory that the $32,000 mentioned in the agreement was a fixed price which Ratner agreed to pay, part of the payment being the existing mortgage. The documents seem to spell out merely an exchange of equities with Ratner giving a mortgage for the excess value of the premises acquired by him. *Page 44 
This is further borne out by the fact that the deed by the Viniks to Ratner states that the premises are subject to two existing mortgages and is also subject to a purchase-money mortgage of $2,250 given by Ratner. This purchase-money mortgage is expressly set forth in the deed as being part of the consideration for which the deed is given, the others are not. This singled out the purchase-money mortgage as being part of the consideration as distinct from the other two mortgages and seems clearly to negative the idea that the assumption of the two prior mortgages were, or could be a consideration for the conveyance.
An oral assumption of the mortgages by Ratner was not proven and, in fact, the testimony is to the contrary. Vinik, to whose interest it would be to show that Ratner assumed so as to ultimately throw the primary payment on Landau and Davidson, testified that there was some talk about assumption but that he could not say what became of it. Ratner and another witness testified that there was no oral assumption by Ratner.
I accordingly find that there was no assumption by Ratner and, therefore, no liability on the part of Landau and Davidson, and the bill must be dismissed as against them. Ratner was not a party in this suit. As to the Viniks: Complainants have an adequate remedy at law and should have recourse to that forum, since the only ground for this suit in chancery was to avoid circuity of action by establishing the order of successive liability on the bond. A decree will be advised dismissing the bill as against all the defendants. *Page 45