Complainant seeks a monetary decree against the Englewood Plumbing Supply Company and Jayess Realty Company (hereinafter referred to as the Plumbing Company and Realty Company, respectively) for the deficiency resulting on the foreclosure of a mortgage held by him.
The bill of complaint alleged, and the proofs established, that the Plumbing Company on April 8th, 1926, executed and delivered its bond and mortgage in the sum of $15,000, covering its real property located at 10-12 Humphrey street, in the city of Englewood, to the Fidelity Title and Mortgage Guaranty Company, both of which instruments the latter assigned to complainant on April 21st, 1926; that thereafter the Plumbing Company on November 1st, 1928, conveyed the mortgaged premises to the Realty Company for the sum of $30,000 subject to said mortgage debt which was, however, deducted from the purchase price; that because of a default thereunder, the mortgage was subsequently foreclosed, the mortgaged premises were sold, and the present deficiency established.
That the cause of action thus alleged and proven is properly cognizable and maintainable in the court of chancery cannot, in view of the pronouncements in Holland Reform School Society v.De Lazier, 85 N.J. Eq. 497; Howell v. Baker, 106 N.J. Eq. 434;Biddle v. Pugh, 59 N.J. Eq. 480, 490; Pruden v. Williams,26 N.J. Eq. 210, now be controverted or gainsaid.
By reason of its failure to answer, the Realty Company suffered a decree pro confesso to be entered against it. The *Page 325 
Plumbing Company, however, answered claiming exoneration and discharge from liability on its said bond and mortgage by reason of the two agreements subsequently entered into between complainant and the Realty Company whereby the time of payment of said bond and mortgage was extended.
It is beyond all controversion that a valid agreement extending the time of payment of the mortgage debt made between the holder of the mortgage and the grantee of the mortgaged premises, with notice or knowledge by the former of the conveyance of the mortgaged premises to, and the assumption of the mortgage debt by, the latter, operates to discharge the mortgagor from liability upon his bond, in the event that he has not assented to said extension. This well recognized principle finds pertinent illustration in the discussions of the highest tribunals of this and other states. Gorenburg v. Hunt, 107 N.J. Eq. 582; Reeves
v. Cordes, 108 N.J. Eq. 469; Delacroix v. Stanley, 113 N.J. Eq. 121; Mann v. Bugbee, 113 N.J. Eq. 434; DeLotto v. Zipper,116 N.J. Eq. 344; Meyer v. Blacker, 120 N.J. Eq. 35.
Complainant does not deny that he, by written agreements made with the Realty Company, extended the due dates of the bond and mortgage in question. He, however, denies that he, at the time of the making of said agreements, had any knowledge or notice of the suretyship relation then existing between the Plumbing and Realty Companies in consequence of the former having permitted the latter to deduct the mortgage debt from the full purchase price agreed upon.
Inasmuch as the defense of exoneration is affirmative in character, the burden of proving it, of necessity, rests upon the Plumbing Company, by whom it is asserted. This burden of proof extends as to each and all of the elements essential to the establishment of that defense, viz.: (1) a conveyance to, and an assumption of the mortgage debt by, the Realty Company, (2) complainant's notice or knowledge of said conveyance and assumption at the time of his entering into said extension agreements, and (3) lack of the Plumbing Company's assent to said extensions. Mann v. Bugbee, 113 N.J. Eq. 434. Aside from the extension agreements in question, *Page 326 
the Plumbing Company failed to adduce an iota of evidence in support of its contention that complainant, at the time of the making of said extensions, had knowledge or notice of the Realty Company's equitable assumption of the mortgage debt. Instead it is argued on its behalf that, by reason of the recitals contained in the extension agreements relative to the Realty Company's then ownership of the mortgaged premises, complainant was apprised of the existence of a deed conveying the mortgaged premises to the Realty Company, and consequently is chargeable with knowledge or notice of its contents.
According due recognition and effect to the principles enunciated in Spielmann v. Kliest, 36 N.J. Eq. 199; Van Doren
v. Robinson, 16 N.J. Eq. 256; Smallwood v. Lewin, 15 N.J. Eq. 60; Bushell v. Bushell, 1 Sch. L. 90; Latouche v. LordDunsany, 1 Sch. L. 90, the fact, however, remains that it was here neither shown nor claimed that said deed from the Plumbing Company to the Realty Company disclosed what the full purchase price was, whether the mortgage debt was deducted therefrom, or whether the grantee had purchased a mere equity of redemption. In this posture of the evidence, it cannot be said that complainant is to be held to have then had knowledge or notice with respect to any of those facts or of the Realty Company's equitable assumption of the mortgage debt; a fact which he discovered only after he had granted the extensions in question.
In the light of the evidence adduced, the case in hand can at most be claimed to fall within the principle enunciated inStevenson Woodruff v. Black, 1 N.J. Eq. 338; Hartshorne v.Hartshorne, 2 N.J. Eq. 349; Tichenor v. Dodd, 4 N.J. Eq. 454;Adams v. Hudson County Bank, 10 N.J. Eq. 535; 64 Am. Dec. 469;Crowell v. Hospital of Saint Barabas, 27 N.J. Eq. 650. Under the well settled principles there laid down, the purchaser of a mere equity of redemption does not incur any personal liability for the payment of the existing encumbrances on the property. As between such a purchaser and his grantor, the property conveyed becomes the primary fund for the payment of the mortgage debt, and the grantor, if personally liable, is, during his grantee's ownership of the *Page 327 
property, considered, in equity, as surety, but only to the extent of the value of said property. Klapworth v. Dressler,13 N.J. Eq. 62; 78 Am. Dec. 687; Hay v. Bramhall, 19 N.J. Eq. 563; 97 Am. Dec. 687; Youngs v. Trustees, c., of PublicSchools, 31 N.J. Eq. 290.
Hence, it follows that, even if the Plumbing Company were by operation of the said extension agreements exonerated from its suretyship, although I find the contrary to be the fact, nevertheless that exoneration could not possibly go beyond the extent of the value of the mortgaged premises. Waring v. Ward,7 Ves. Jr. 338; Cumberland v. Codrington, 3 Johns. Ch. N Y261; Stevenson Woodruff v. Black, supra; Hartshorne v.Hartshorne, supra; Tichenor v. Dodd, supra. As to the difference, if any, between the mortgage debt and the value of the mortgaged premises, the Plumbing Company's obligation or liability was primary, as principal, and remained and continued so to be, the extension agreement notwithstanding. As to whether or not the mortgaged premises depreciated in value between the original due date of the mortgage and the time of its foreclosure, there is no proof whatsoever.
The foregoing conclusions renders unnecessary the consideration or determination of the asserted assent of the Plumbing Company to the extension agreements in question.
Complainant is entitled to a decree against both defendants.