On February 9th, 1928, the defendants Oswald and Emmy Rothman made and executed a bond and mortgage to the complainants, on lands then owned by them which are located in the township of North Bergen, New Jersey. Subsequently, the Rothmans executed a contract to sell those premises to one Natterer. Natterer assigned his interest in the contract to the defendants Daniel M. and Marie Dexheimer; the consideration for which was an exchange for property held by the Dexheimers (paragraph 2 of the counter-claim).
The Rothmans, on July 15th, 1929, conveyed the mortgaged premises to the Dexheimers. On February 9th, 1931, the principal sum mentioned in the bond and mortgage became due. The complainants, by written agreement with the Dexheimers, extended the time of payment of the principal for a period of three years from February 9th, 1931. The original mortgagors, the Rothmans, contend in their counter-claim that the execution of the extension agreement discharged them from liability on the bond. The complainants' answer to it, is that they had no knowledge of the assumption of their mortgage by the mortgagor's grantees, the Dexheimers. A decree pro confesso was entered against all the defendants, and the counter-claim retained for final hearing for a determination of the question of the counter-claimants' exoneration from liability on the bond. The final decree was entered. A writ of fieri facias was issued and on September 10th, 1936, the mortgaged premises were sold by the sheriff of Hudson county for the sum of $300, subject to the lien of a tax sale certificate held by the township of North Bergen in the amount of $1,595.56, together with unpaid municipal taxes for the years 1935 and 1936 amounting to $223.10 together with interest.
An action at law for a deficiency on the bond, arising from *Page 135 
the sale, was instituted against the Rothmans, and against the Dexheimers, under a covenant to pay in the extension agreement. Prosecution of the law action against the obligors on the bond was restrained pending final hearing on the counter-claim.
The law is clear that an agreement extending the time of payment of the mortgage debt, made between the mortgagee and the grantee of the mortgaged premises, with notice or knowledge by the mortgagee of the conveyance of the mortgaged premises to, and the assumption of the mortgage debt by, the grantee, affects a discharge of liability of the mortgagors on the bond, where the mortgagors have not assented to the extension. Wittson v.Englewood Plumbing Supply Co., Inc., 121 N.J. Eq. 323; Meyer v.Blacker, 120 N.J. Eq. 35. In Meyer v. Blacker, supra, the court said:
"An original obligor to be released from liability under a bond when the mortgagee extends the time of payment by agreement with the owner or grantee of the premises, must show that: (1) there was either an express or implied assumption of the mortgage by the grantee by a retention of the amount of the mortgage from the purchase price; (2) the mortgagee had notice or knowledge of that assumption; (3) the extension agreement had been entered into without the assent of the original mortgagor. These three elements must be established; and if one be absent, the mortgagor is not discharged from his obligation under the bond."
The same court, in Wittson v. Englewood Plumbing Co., Inc.,supra, said:
"Inasmuch as the defense of exoneration is affirmative in character, the burden of proving it, of necessity, rests upon the mortgagor, by whom it is asserted. This burden of proof extends as to each and all of the elements essential to the establishment of that defense, viz.: (1) a conveyance to, and an assumption of the mortgage by, the mortgagors' grantees; (2) complainant's notice or knowledge of said conveyance and assumption at the time of his entering into said extension agreement, and (3) lack of the mortgagor's assent to said extension." *Page 136 
The evidence in the instant case fails to show that the grantees assumed the payment of the mortgage. The counter-claimants attempted to show they rely on the contract of exchange between the grantees and the assignor of the contract, where mention is made of the assumption of the said mortgage; but, it is quite clear, there is no equitable duty imposed upon the grantees, through the assignment of the contract of sale, to pay off the encumbrance, in indemnity of the grantors, as it would be if there were a sale, and the mortgage encumbrance regarded as part of the consideration. Smith v. ColonialWoodworking Co., Inc., 108 N.J. Eq. 303; Garfinkel v. Vinik,115 N.J. Eq. 42.
Nowhere in the contract of exchange between Natterer and the Rothmans, offered in evidence, does it appear that the Dexheimers, the grantees of the mortgagors, the Rothmans, were parties to that contract. In fact, there is nothing in evidence to prove an assignment of the contract of exchange to the Dexheimers. The deed from the Rothmans to the Dexheimers was not submitted in evidence. There is no evidence whatever of the terms or conditions of the conveyance to the Dexheimers. The complainants contend that the deed from the Rothmans to the Dexheimers conveyed a mere equity of redemption in the mortgaged premises; and that the grantees, the Dexheimers, did not expressly or impliedly assume the payment of the defendants' mortgage. Stevenson and Woodruff v. Blacke, 1 N.J. Eq. 338;Hartshorne v. Hartshorne, 2 N.J. Eq. 349; Tichenor v. Dodd,4 N.J. Eq. 454; Adams v. Hudson County Bank, 10 N.J. Eq. 535;64 Am. Dec. 469; Crowell v. Hospital of St. Barnabas, 27 N.J. Eq. 650.
These cited cases assert the principle that the purchaser of an equity of redemption has no personal liability for the payment of existing encumbrances on the premises. Between such a purchaser and his grantor, the property conveyed becomes the primary fund for the payment of the mortgage debt, and the grantor, if personally liable, is during his grantee's ownership of the property, considered in equity, as surety, to the extent of the value of the property. Klapworth v. Dressler, 13 N.J. Eq. 62; 78 Am. Dec. 69; Hoy v. Bramhall, *Page 137 19 N.J. Eq. 563; 97 Am. Dec. 687; Youngs v. Trustees forSupport of Public Schools, 31 N.J. Eq. 290; Wittson v.Englewood Plumbing Supply Co., supra.
In the instant case the testimony is bare of any assumption of the mortgage debt by the mortgagors' grantees, either expressed or implied. The law is settled that in order to establish the defendants' exoneration from liability, the burden rests upon the mortgagor to show "the conveyance to, and an assumption of the mortgage debt by, the grantees." Meyer v. Blacker, supra;Wittson v. Englewood Plumbing Supply Co., Inc., supra.
The fact that a deed of conveyance contains an express assumption clause, of itself, is not presumptive or constructive notice of the assumption to the mortgagees. Mann v. Bugbee,113 N.J. Eq. 434; Meyer v. Blacker, supra.
While it is evident that the Dexheimers paid the interest due on the principal of the mortgage to William Boss, the agent of the complainants, nowhere in the testimony of either of the Dexheimers does it appear that they gave notice to the complainants, or their agent, Boss, that they had assumed the payment of the mortgage. The Dexheimers' testimony was somewhat vague, and lacked clearness. In no part of the testimony submitted in behalf of the counter-claimants does it appear that the complainants had knowledge of the assumption of the mortgage by the Dexheimers. DeLotto v. Zipper, 116 N.J. Eq. 344.
The complainant mortgagees, and their agent, Boss, deny having received any notice, or having obtained any knowledge whatever, of the assumption of the mortgage by the mortgagor's grantees. In fact, they denied all knowledge of the terms of the transaction between the Rothmans and the Dexheimers as to the sale, purchase, or exchange of the premises. Gorenberg v. Hunt, 107 N.J. Eq. 582.
It is my opinion that the defendant mortgagors, the Rothmans, have failed to establish their counter-claim of exoneration. I shall advise an order dismissing the counter-claim and the vacation of the order of restraint heretofore issued. *Page 138