Heid *v.* Vreeland.

---

KATIE HEID

*v.*

EDO VREELAND.

1. Where the purchaser of land, encumbered by a mortgage, agrees to pay a particular sum as purchase-money, and, on the execution of the contract of purchase the amount of the mortgage is deducted from the consideration, and the land conveyed subject to the mortgage, the purchaser is bound to pay the mortgage debt, whether he agreed to do so by express words or not.

2. A creditor is entitled to the benefit of all collateral obligations held for the payment of his debt by any person liable to him as surety.

---

On final hearing on bill, answer and proofs.

*Mr. E. S. Atwater*, for complainant.

*Mr. Garret Ackerson, Jr.*, for defendant.

THE VICE-CHANCELLOR.

This case presents but a single question : Is the defendant personally liable for the complainant's debt ? The bill is filed to enforce the payment of a mortgage for $2,000, made by George R. Blakiston to the complainant, bearing date March 1st, 1873. The mortgaged premises were subsequently conveyed by Blakiston to the defendant, by deed bearing date December 1st, 1873. The bill alleges that this deed contains a covenant whereby the defendant became bound to pay the complainant's mortgage. The deed is in evidence, and it is the only evidence before the court touching the question in dispute. The deed makes no allusion to any mortgage except in the covenant against encumbrances. That covenant is in these words :

" And that the said land and premises are now free, clear, discharged and unencumbered of and from all former and other grants, titles, charges, estates, judgments, taxes, assessments and encumbrances of what nature or kind soever, except mortgage of $2,000, part of con sideration money."

By the bill it appears that the mortgaged premises were conveyed by the complainant to Blakiston, and that the mortgage in suit was given in part payment of the purchase-money. The conveyance by Blakiston to the defendant purports to have been made for a consideration of $3,500, which the deed declares has been paid, and the defendant forever released from any liability therefor.

If the defendant is bound by any contract with Blakiston, whether expressed in the deed or not, to pay the complainant's mortgage, the complainant has a right to the benefit of it, upon the principle that a creditor is entitled to the benefit of all collateral obligations held for the payment of his debt by any person liable to him as surety. The rule is now so well settled as to be regarded, in this class of cases, as familiar law.

While the counsel of the complainant admits his proofs do not show a covenant of the effect set up in his bill, he yet insists they do show that the defendant kept back a suffi-

Heid *v.* Vreeland.

cient sum of the purchase-money to pay the complainant's mortgage, and that by such retention he became, according to an established doctrine of this court, personally liable for her debt. There can be no doubt at this day that where the purchaser of land encumbered by a mortgage, agrees to pay a particular sum as purchase-money, and, on the execution of the contract of purchase, the amount of the mortgage is deducted from the consideration, and the land conveyed subject to the mortgage, that the purchaser is bound to pay the mortgage debt, whether he agreed to do so by express words or not. This obligation results necessarily from the very nature of the transaction. Having accepted the land subject to the mortgage, and kept back enough of the vendor's money to pay it, it is only common honesty that he should be required either to pay the mortgage or stand primarily liable for it. His retention of the vendor's money for the payment of the mortgage, imposes upon him the duty of protecting the vendor against the mortgage debt. This must be so even according to the lowest notions of justice, for it would seem to be almost intolerably unjust to permit him to keep back the vendor's money with the understanding that he would pay the vendor's debt, and still be free from all liability for a failure to apply the money according to his promise. *Stevenson* v. *Black, Sax.* 338; *Tichenor* v. *Dodd,* 3 *Gr. Ch.* 454; *Crowell* v. *Hospital of Saint Barnabas,* 12 *C. E. Gr.* 650; *Thayer* ads. *Torrey,* 8 *Vr.* 339; *Townsend* v. *Ward,* 27 *Conn.* 610; *Jones on Mort.* § 749.

A different view was expressed in *Belmont* v. *Coman,* 22 *N. Y.* 438. It was there held that where lands are conveyed subject to a mortgage, and the amount of the mortgage is deducted from the purchase-money agreed upon, no personal liability is thereby created against the purchaser, but that the true exposition of the intent of the parties under such an arrangement is, that so much of the purchase-money as is represented by the mortgage is not to be paid by the purchaser to anybody, but shall be paid out of the land, and in that manner only. Such interpretation would undoubtedly

Heid *v.* Vreeland.

carry into effect the intention of the parties where the interest sold is merely the equity of redemption, and the purchase-money agreed upon represents simply the value of the mortgagor's interest in the mortgaged premises over the mortgage debt; but where the purchase-money agreed upon represents the whole value of the premises free from the mortgage, and one of the mortgagor's objects in selling is to relieve himself from the mortgage debt, the vendor would seem, according to the plain meaning of the arrangement, to have a clear right to the whole sum agreed to be paid, or, if part is kept back to pay the mortgage, that the purchaser shall be required either so to apply it, or to indemnify the mortgagor against the mortgage debt; such I understand to be the principle established by the adjudications of this state, and in my view there can be no doubt it is founded on justice and reason.

But it is obvious, at a glance, that the proofs here entirely fail to show the retention of a single penny of the purchase-money. It is not even pretended by the bill that any part of it was kept back. The deed admits the payment of the whole of it—and the deed is the complainant's only evidence—and, so long as that admission stands uncontradicted and unexplained, it is conclusive. The inference which may be drawn from the words " part of the consideration money," is quite too feeble to overcome the force of this admission ; besides, those words may, without the least perversion, be understood as referring to the fact recited in the bill, that the mortgage was given to secure part of the purchase-money due to the complainant on the original sale.

In my judgment, the evidence fails to show that the defendant is liable either upon an express or implied contract for the complainant's debt, and a decree for deficiency against him must therefore be denied.