### HENRY C. LOUDENSLAGER v. WOODBURY HEIGHTS LAND COMPANY.

Submitted December 9, 1899—Decided February 26, 1900.

A declaration counting upon an express assumption of a mortgage by the grantee in a deed (the deed being made part of the declaration) will not be supported by a clause in the deed, " that the land is conveyed subject to such mortgage," the words of assumption being absent. *Quære.* Whether, if the declaration counted upon a contract to pay the consideration in the deed, the action at law could be maintained?

----

On demurrer to *narr*.

Before MAGIE, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and LIPPINCOTT.

For the plaintiff, *Norman Grey.*

For the defendant, *Howard M. Cooper* and *David J. Pancoast.*

The opinion of the court was delivered by

VAN SYCKEL, J.    The first count of the declaration, which is demurred to, sets up that, on the 16th of April, 1890, the plaintiff was seized of a certain tract of land on which he had executed a mortgage, to secure the sum of $5,000, to one Paul; that afterwards the said plaintiff conveyed said land to the defendant for certain other considerations, and the further consideration of the sum of $5,000, the principal sum of said bond and mortgage to said Paul; that in and by said deed (a copy whereof is annexed to the declaration and made part thereof) it was covenanted and agreed that the said lot of land was conveyed by said plaintiff to the defendant company, subject to said mortgage, and the said mortgage and the principal sum thereof was computed as so much of the consideration moneys, and that the said defendant would pay the said principal sum of the said mortgage with the interest which should thereafter accrue thereon; that the defendant accepted said deed and became seized of said land and now holds it.    The breach assigned is that the defendant refused to pay the said sum.

The language of the deed is as follows: " The above premises are conveyed under and subject to the payment of the principal amounts of the several mortgages hereinafter mentioned (of which the said Paul mortgage was one), and the interest on the same from the date hereof, which mortgage debts are part of the consideration money mentioned in the deed."

In the case of *Sparkman* v. *Gove*, 15 *Vroom* 252, the language of the deed was as follows: " Subject to certain mortgages, now liens, &c., one to secure, &c., the other to secure the payment of the sum of $3,000, with interest, and which mortgages are assumed by the party of the second part."

The Supreme Court held that, upon this express assumption to pay the mortgage, an action would lie by the grantor against the grantee of the deed.

In the case of Loudenslager, the deed recites that the con-

veyance is made subject to the mortgage, but there is no express assumption by the grantee.

In the case of *Tichenor* v. *Dodd,* 3 *Gr. Ch.* 454, the language is precisely to the effect of that in the Loudenslager deed, the express assumption being absent. There the court held that the deed impressed on the conscience of the purchaser and grantee an equitable obligation to devote so much of the consideration as was retained to the payment of the mortgage, but a doubt was expressed whether the obligation could be enforced in an action at law.

The declaration now demurred to counts upon a contract to assume the mortgage and to pay it. It appearing from the deed that there was no such contract, the declaration is faulty. Whether the action could be maintained, if the declaration is so amended as to count upon a contract to pay the consideration in the deed, cannot now be considered.

The demurrer is well taken, and there must be judgment accordingly.