SAMUEL KAPLAN et al., complainants,

*v.*

SAMUEL WILDERMAN et al., defendants.

[Decided January 5th, 1924.]

1. A covenant by a mortgagor, on behalf of himself only, to insure for the benefit of the mortgagee, is a mere personal covenant, not running with the land, and (without more) does not bind a subsequent grantee.

2. Neither, in such a case, is there any implied agreement to assume and perform the obligation of the covenant to insure raised against the subsequent grantee, where the conveyance to him contains no assumption of that obligation and no assumption of the payment of the mortgage debt.

3. On neither theory has the mortgagee any equitable claim upon, or interest in, the proceeds of insurance policies effected by the subsequent grantee solely for his own benefit.

---

On final hearing.

*Mr. George J. Plechner,* for the complainants.

*Messrs. Welanko & Strauss,* for the defendant Wilderman.

BUCHANAN, V. C.

Complainants on April 29th, 1912, conveyed a certain farm property to one Nathan Remler, subject to a first mortgage of five hundred and fifty dollars ($550), made by complainants, and took in part payment Remler's bond for nineteen hundred and fifty dollars. ($1,950) secured by mortgage on the property. Thereafter by quite a number of intermediate deeds, the farm was finally on May 22d, 1922, conveyed to the de-'fendant Wilderman, still subject to both mortgages. Complainants still hold the second mortgage, on which there is matured due and unpaid a balance of fifteen hundred and fifty dollars ($1,550) principal, and interest at six per cent. per annum thereon from April 29th, 1921, for the recovery of which they seek the usual decree of foreclosure and sale. To this they are entitled.

Complainants, however, seek further relief in respect of the following facts: On December 29th, 1922, the buildings on the farm were destroyed by fire. The loss was covered (in whole or in part) by two insurance policies which had been procured by Wilderman, one made by the Mercer County Mutual Insurance Company for fifteen hundred dollars ($1,500), and the other by the American National Fire Insurance Company for four thousand dollars ($4,000). Neither policy contained any clause covering the interest of complainants as mortgagees or in anywise providing for the payment of any part of the insurance moneys to them. (The fifteen hundred dollar ($1,500) policy had a mortgagee clause in favor of the first mortgagee). In their present condition the premises are worth not over one thousand dollars ($1,000). Complainants seek to have an equitable lien impressed upon the insurance moneys to the extent of the amount due for principal and interest on their mortgage.

This contention is based on three grounds. *First,* upon a covenant made by the original mortgagor, Remler, in his

mortgage to complainants, to insure and keep insured the buildings and assign the policy to complainants as collateral security for the mortgage indebtedness. This, however, cannot avail complainants as against Wilderman, for the agreement does not purport to bind anyone but Remler himself (not his heirs or assigns), and such a covenant or agreement to insure is only a personal covenant, not a covenant running with the lands. *Farmers' Loan and Trust Co.* v. *Penn Plate Glass Co., 186 U. S. 434* (at *p. 453*). Compare also, *National Bank* v. *Segur, 39 N. J. Law 173* (at *p. 184 et seq.*); *Pipe Line Co.* v. *Delaware, Lackawanna and Western Railroad Co., 62 N. J. Law 254* (at *p. 274*); *Bordentown* v. *Anderson, 81 N. J. Law 436*.

*Secondly,* it is argued that upon some theory of implied contract, Wilderman became substituted as the convenantor in the mortgage by reason of his taking a deed for the property subject to the mortgage. This also is without foundation, for Wilderman, by the conveyance to himself, merely took title to the premises subject to the encumbrance—there is no clause in his deed whereby he assumes payment of the mortgage much less assumes performance of the covenant to insure. Under the law in this state no agreement to pay a mortgage is implied from acceptance of a deed to property subject to the mortgagee. The grantee is under no obligation to pay unless there be an express agreement so to do in his deed. *Tichenor* v. *Dodd, 4 N. J. Eq. 454; Loudenslager* v. *Woodbury Heights Land Co., 64 N. J. Law 405*. So much the more as to the raising of an implied obligation to insure and assign the policy.

*Thirdly*—or perhaps it should be said, thirdly and fourthly, for there are two distinct contentions confused with each other, both in the pleadings and in the testimony—it is said that Wilderman made an express oral agreement with complainants to procure insurance protecting their mortgagee interest some time in the summer of 1922, and it is also said that Wilderman represented to complainants that he had procured such insurance and that they relied upon this false representation. Wilderman denies making either the promise

30

or the representation.   The burden of proof is of course upon the complainants, and a consideration of the testimony does not lead me to the conclusion that this burden has been met as to either of these two issues, especially in view of the fact that one of the complainants in testifying as to a certain conversation that he had with Wilderman, in one part of his testimony says that Wilderman promised to insure for the complainants' benefit, and in another part of his testimony, as to the same conversation, says that Wilderman said he had already effected the insurance for the benefit of complainants.

Complainants must therefore fail upon their second cause of action.

Complainants will be allowed costs on the foreclosure decree, taxed as on an uncontested cause.