JAMES MALCOLM, PLAINTIFF-RESPONDENT, v. GABRIEL LAVINSON AND REBECCA LAVINSON, HIS WIFE; JOSEPH HANDIS AND IDA HANDIS, DEFENDANTS-APPELLANTS.

Argued October 27, 1932—Decided January 31, 1933.

For the plaintiff-respondent, *William A. Moore.*

For the defendants-appellants, *William Reich* and *Perlman & Lerner.*

The opinion of the court was delivered by

CASE, J. The appeal is by the defendants from a judgment entered in the Mercer Circuit on a general verdict rendered by the court, sitting without a jury, in favor of the plaintiff and against the defendants in an action for the recovery of the amount of a mortgage that had been upon a property conveyed by the plaintiff's assignor to the defendants' assignees under the following circumstances:

Paternoster and others as vendees entered into a written contract with Lavinson and others as vendors for the purchase of other real estate. The purchase price was $45,000, and the vendees undertook to make payment of that amount as

follows: $200 in cash on the execution of the agreement, $2,500 in cash on delivery of the deed, $10,000 by the execution of a bond and mortgage in that sum. As to the balance of the purchase price the contract provides:

"The party of the second part (viz., the Paternosters) is to execute and deliver four general warranty deeds to the parties of the first part (viz., the Lavinsons) for the following four houses situated on Nottingham Way and known as Nos. 2523, 2525, 2533 and 2535, in the township of Hamilton, and State of New Jersey, size of each lot twenty-six by one hundred and seventy-five feet to a twenty-five foot alley in rear. The above houses are subject to first mortgages of $4,000 each at five and one-half per cent. and second mortgages of $1,300 each at six per cent. The second mortgages are payable mortgages (sic) of $50 each and every three months. Also subject to a third mortgage which is a note mortgage held by the First National Bank to secure the payment of $875 on each house. This note is to remain in full by paying interest until houses are disposed of by the parties of the first part or their assigns when it becomes due and payable in full at once."

The litigation arises out of a dispute as to who is ultimately liable for the payment of the third mortgage above referred to as "held by the First National Bank."

On the closing of the title the Paternosters made conveyance of the four Nottingham Way properties to the assignees of the Lavinsons by four certain deeds each of which contained this language:

"This property is conveyed * * * subject to a first mortgage of $4,000, a second mortgage of $1,300, and a third mortgage of $875."

There was no other provision relating to the encumbrances. Thus these four properties were contracted to be, and in fact were, conveyed by the Paternosters in payment of $32,300 of the $45,000 due from them on the purchase of the Lavinson real estate. They were conveyed at that bulk valuation without any covenants as to their valuation free of encumbrances or as to the assumption of the mortgages by either the Lavin-

sons or the actual grantees or, further, as to the reckoning of the mortgages as a part of the consideration. The court ruled that the transaction was a sale and not an exchange; and this question is not in controversy.

After conveyance out of the Paternosters, the Nottingham Way properties were sold at sheriff's sale on the foreclosure of the first mortgages. The Paternosters were then called upon to pay, and did pay, because of their note indebtedness to which the mortgage was collateral, the four amounts of $875 each, amounting in all to $3,500, and, having done so, assigned the original contract of purchase and sale to the present plaintiff. The latter, in his complaint, sets out so much of the sale contract as we have quoted above, alleges that the said amount of $3,500 was deducted from the consideration, charges that the defendants, having disposed of the houses, failed to pay the $3,500 mortgage, that the Paternosters had, under compulsion, paid the same, and that thereupon, as the assignee of the Paternosters, the plaintiff demands the amount thereof with interest from the defendants.

If, by the terms of a sale, mortgage money is to be taken as a part of the consideration, equity raises upon the conscience of the purchaser an obligation to indemnify the mortgagor against the mortgage debt. *Smith* v. *Colonial Woodworking Co., Inc.,* 110 *N. J. Eq.* 418; *Crowell* v. *Hospital of Saint Barnabas,* 27 *Id.* 650, 655. But, as has just been indicated, that remedy was evolved on equitable theories (*Woodbury Heights Land Co.* v. *Loudenslager,* 60 *Id.* 403, 409), and doubt has been expressed in both Chancery and the law courts as to whether it is available in the courts of law. *Tichenor* v. *Dodd,* 4 *Id.* 454; *Loudenslager* v. *Woodbury Heights Land Co.,* 64 *N. J. L.* 405. We do not decide that question. Redress at law may be had by the grantor where there is an express agreement by the grantee to pay a debt for which the grantor or his property is bound (*Sparkman* v. *Gove,* 44 *Id.* 252), but mere words of conveyance subject to the encumbrance are not enough. *Loudenslager* v. *Woodbury Heights Land Co., supra; Kaplan* v. *Wilderman,* 95 *N. J. Eq.* 463, 465.

Plaintiff argues that the contract of sale contains an express obligation upon which the defendants may be charged. We think not. In the words "this note is to remain in full by paying interest until houses are disposed of by the parties of the first part or their assigns, when it becomes due and payable in full at once," we read only an undertaking by the Paternosters that the principal of the note and mortgage shall become due when, and not until, the Lavinsons or their assigns shall have disposed of the houses; in other words, the clause fixes the due date of the mortgage subject to which the properties were conveyed. We find no distinction, as to an obligation upon the Lavinsons to pay, between the mortgage now under litigation and the other enumerated mortgages of $4,000 and of $1,300 on each house; and there is no suggestion of an obligation upon the Lavinsons to pay the latter. The contract of sale is, as it stands, clear; there has been no proceeding to reform it; its terms do not stipulate that the mortgage moneys shall be taken as a part of the consideration or that the mortgage will be assumed.

The deeds from the Paternosters to Lavinson's assignees purported to convey the equity of redemption. They contained no suggestion that the mortgage encumbrance was a part of the consideration money. They expressed no agreement to assume the mortgage, an omission that becomes the more significant because such a provision, having been inserted by the draftsman of the deeds, was removed upon the demand of the Lavinsons before execution. Nor is there other proof of an express agreement obligating the defendants to assume the mortgage debt. The plaintiff contends that there is proof in the final settlement sheet that the amount of the third mortgage was credited to the defendants as a part of the consideration. We find no such proof. The settlement sheet, admitted in evidence, shows that in the calculation of the $2,700 cash payment required by the contract to be made by the Paternosters a charge was made against them of the accrued interest to the closing date on the first and second mortgages and a credit in their favor for unaccrued interest paid by them, in advance, on the third mortgage; but such

a debit and credit were proper in any event. If there were such proof as the plaintiff contends, plaintiff's case would then resolve itself into the proposition that because of proof of an actual credit in the final settlement the defendants, under the law, are obligated to indemnify those who sold them the property and were subsequently obliged to pay the mortgage. This shift from a contractual obligation to an obligation by operation of law at once encounters two obstacles. First, the plaintiff has no rights except under assignment of the written contract; and, second, the law raises no such implication from the mere crediting of a mortgage in satisfaction of the purchase price unless the deed contains supporting recitals. *Smith* v. *Colonial Woodworking Co., Inc., supra.*

We find nothing in the proofs that, under our decisions, sustains the award given by the court to the plaintiff. The judgment below will therefore be reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Trenchard, Parker, Lloyd, Case, Bodine, Donges, Brogan, Heher, Kays, Hetfield, Wells, Kerney, JJ. 13.