"John Dughi and wife conveyed to complainant premises in the township of Hillside, Union county, this state. In payment of the consideration for the deed, complainant gave his bond and mortgage in the sum of $4,000. The conveyance was subject to a mortgage in the sum of $6,000 held by Ada F. Love.
"In May, 1925, a receipt to William M. Beckelman was signed by complainant for $500 deposit for the premises — the purchase price mentioned being $14,500 — $4,000 of which was to be paid in cash and $10,000 subject to existing mortgages. This transaction was not closed, but later in the same month and year complainant entered into a contract with William Beckelman and Leo Steiner to sell the property to *Page 119 
them for the same consideration. The contract was the usual printed form and provided for the payment of the purchase price as follows: $500 on the signing of the agreement, $4,000 on the delivery of the deed and $10,000 `by assuming the mortgages at present a lien on the premises, and paying the same according to the terms thereof.' Subsequently, a deed was was executed by the complainant to Beckelman and Steiner `in consideration of one dollar and other good and valuable consideration.'
"The vendor and the purchasers did not meet during any of the formal negotiations or at the closing of title. Leo Steiner is a brother of Harry Steiner, a lawyer, and the scrivener who drew the contract of purchase and the deed. He was the solicitor representing the purchasers and Max instructed him to prepare the deed. The deed does not follow the contract with respect to the assumption of the mortgages, but reads that the `conveyance is subject to existing first mortgage in the sum of $6,000 by Ada F. Love and second mortgage in the sum of $4,000 held by John Dughi.' However, at the closing of title, a closing statement was furnished to complainant prepared by the scrivener, Harry Steiner, on which statement it appears that the sum due on account of the two mortgages, plus the accrued interest was deducted, and the purchasers, Beckelman and Steiner, given credit for the amount of the mortgages and accrued interest as part payment of the purchase price.
"On December 24th, 1931, Ada F. Love foreclosed her mortgage for $6,000, and at the sale purchased the premises for $100. Thereafter, Dughi, the holder of the second mortgage of $4,000 demanded payment of complainant and brought suit at law (now pending), and complainant in turn made a like demand upon Beckelman and Steiner and this bill is now brought to reform the deed wherein it fails to follow the contract and recite the assumption clause, and that Beckelman and Steiner be decreed to pay Dughi the amount due for principal and interest on the mortgage of $4,000. Dughi, a party defendant in the proceedings has filed answer and counter-claim, in which he demands that the complainant, *Page 120 
Philip Max, and the defendants William M. Beckelman and Leo Steiner, or one of them be decreed to pay to him the principal sum of $4,000, and interest and costs due on his mortgage.
"The evidence satisfies me beyond question that the scrivener was the solicitor for the purchasers and that the complainant simply did what is quite usual in such matters, namely, instruct the scrivener to prepare the deed for him; he did not have the benefit of independent advice. The scrivener, Harry Steiner, says that he explained the change in the deed from the contract wherein it provided that the sale was `subject to' the mortgages. This is denied by the complainant who says he did not read any part of the deed except the description, and that if the word `subject' was called to his attention it meant the same as `assume.' Complainant had a right to entertain that belief, because at the time of the closing of title the contract was followed, in that the principal and interest due on the mortgages were deducted from the purchase price. It is clear to me that the deed was made to read `subject to' the mortgages by mutual mistake. The change was unknown to any of the parties; it was made by the scrivener or someone in his office, without the knowledge of the parties or their consent.
"The defendants Beckelman and Steiner in their answer to the complaint pray reformation of the contract for sale wherein it provides for the assumption of the mortgages, alleging that the inclusion of the assumption clause was the result of mutual mistake. The evidence does not bear out this defense.
"The deed recites that the consideration for it is `one dollar and other good and valuable consideration.' When the contract is examined it is found that the other good and valuable consideration was the purchase price of $14,500, the major part of which purchase price was to be paid by assuming the mortgages presently a lien on the premises of $10.000. At the closing of title instead of paying that sum in cash, it was deducted, plus the accrued interest. In this situation, the deed will be reformed to include the assumption. It is *Page 121 
only common honesty that the purchasers be required either to pay the mortgages or stand primarily liable for the same.
"Where the purchaser of land encumbered by a mortgage, agrees to pay a particular sum as purchase-money, and, on the execution of the contract of purchase, the amount of the mortgage is deducted from the consideration, and the land conveyed subject to the mortgage, the purchaser is bound to pay the mortgage debt, whether he agreed to do so by express words or not.
"`This obligation results necessarily from the very nature of the transaction. Having accepted the land subject to the mortgage, and kept back enough of the vendor's money to pay it, it is only common honesty that he should be required either to pay the mortgage or stand primarily liable for it.' Heid v.Vreeland, 30 N.J. Eq. 591.
"Even if the defendant purchasers cannot be said to have assumed the payment of the mortgages under their contract which so provides in express language, and the premises were intended to be conveyed subject to the mortgages, the equitable doctrine, long and well established is, that where the purchaser deducted or retained out of the purchase price, as fixed and agreed upon, the amount of the mortgage debt, equity will there raise or impose upon his conscience an obligation to indemnify his grantor, if the latter himself be personally liable for the payment of the mortgage debt, and this although the premises were conveyed subject to the mortgage as is claimed by the purchasers in this instant case. Reeves v. Cordes, 108 N.J. Eq. 469;Tichenor v. Dodd, 4 N.J. Eq. 454; Thayer v. Torrey,37 N.J. Law 339; Friedman v. Zuckerman, 104 N.J. Eq. 322.
"Decree will be that the deed be reformed so that it will include the assumption of the mortgage of Dughi by Beckelman and Steiner and reference be made to a master to determine the amount due on the mortgage of Dughi, and the defendants Beckelman and Steiner pay the amount so found to be due to Dughi."
The decree appealed from will be affirmed, for the reasons stated in the opinion delivered by Vice-Chancellor Stein in the court of chancery.
For affirmance — THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.
For reversal — None.