This is a suit to relieve the complainants from a deficiency judgment entered in the supreme court after a mortgage foreclosure. Complainants executed a bond and mortgage on February 2d 1925, to Rudolph Mylius, payable three years after date. About two months later complainants conveyed the mortgaged premises to Isabella S. Hubschmidt. The deed of conveyance contains no statement that Mrs. Hubschmidt assumed the mortgage indebtedness, but does recite that it was subject to the mortgage executed by complainants. Four years afterwards, the mortgagee assigned the mortgage and the assignee in turn shortly thereafter assigned it to William Zipper, the defendant herein. On the same day Zipper extended the date of payment of the mortgage, which was already overdue, for approximately two years. In 1932, Zipper foreclosed the mortgage, making the present complainants parties and at the ensuing sheriff's sale bid in the premises leaving a deficiency for which he afterwards secured judgment in the supreme court, collection of which judgment is now sought to be restrained.
Where a mortgagee, at the request of a grantee of mortgaged premises who has assumed payment of the mortgage, extends the time of payment without the knowledge or consent of the original mortgagor, and where as a result of this the security is impaired, the original mortgagor is entitled to be relieved on his bond. Reeves v. Cordes, 108 N.J. Eq. 469; Gorenberg v.Hunt, 107 N.J. Eq. 582. In the instant suit, although the deed from the complainants to Mrs. Hubschmidt contains no express assumption of the mortgage, there is some evidence which indicates that the amount of the mortgage was deducted from the purchase price and therefore there might have been an equitable assumption. However, the complainants have not proven to my satisfaction the other necessary element in order to obtain the relief they seek. The evidence presented does not satisfy me that Mylius received the necessary notice that Mrs. Hubschmidt assumed the mortgage indebtedness. The testimony of Mrs. Hubschmidt's husband that just previous to the purchase of the *Page 346 
premises he so notified Mr. Mylius is not sufficient to convince the court on this point, in the face of the testimony of Mr. Mylius that no such notice was given.
In the absence of this necessary element, the relief prayed for must be denied and a decree will be advised accordingly.