Complainant's bill of complaint seeks a decree that defendants are primarily liable to pay a deficiency arising by reason of a certain foreclosure of tax title under which, defendants having failed to redeem, title is vested in the city of Atlantic City by reason of a final decree entered in said foreclosure suit.
Complainant alleges that he, being the owner of lands described in the bill of complaint, conveyed them to one Harrison and took back as part of the purchase money a bond and mortgage in the sum of $9,000; that Harrison conveyed to the Continental Land Company, which company "agreed to pay as purchase money the sum of $19,500, and at settlement the amount of complainant's mortgage was deducted from said sum of $19,500 and the mortgaged premises conveyed subject to the mortgage."
The succeeding paragraphs of the bill of complaint show various mesne conveyances after the one above noted, in each of which conveyances it is alleged that "at settlement the amount of complainant's mortgage was deducted from [the agreed purchase price] and the mortgaged premises conveyed subject to the mortgage."
The bill of complaint further alleges that one of the grantees aforesaid conveyed the premises to Annette Morosco and that she agreed to pay as purchase money the sum of $61,500 and "at settlement the amount of complainant's mortgage was deducted from the sum of $61,500 and the mortgaged premises conveyed subject to the mortgage."
The further allegation is that the said Morosco was an employe of the defendant Siracusa and title was taken in her name "as a straw person for the sole use and benefit of and to be held at the convenience and pleasure of Frank J. Siracusa and Joseph Towers Townsend, who by said conveyance *Page 185 
were in fact the real owners of said lands and premises and who paid all of the consideration therefor."
The further allegation is that "by reason whereof said Frank J. Siracusa and Joseph Towers Townsend became bound to pay the mortgage debt and impliedly assumed the payment of said mortgage" and that they, Siracusa and Townsend, "having accepted the mortgaged premises subject to the mortgage and kept back enough of the money of the Gilbert T. Harris Corporation to pay it, became primarily liable for it."
The bill of complaint further alleges that Morosco aforesaid conveyed the premises to Siracusa and Townsend and that "said conveyance was an expression of the relations between the parties and was without any consideration and a mere affirmation of the straw ownership of said Annette Morosco," and complainant charges that these two defendants are and were primarily liable for the payment of complainant's debt.
It will be noted that there is no allegation that the defendants' alleged liability arose by reason of a parole or express assumption of the mortgage debt.
Defendants move to strike generally, on the ground that the averments that the various grantees named in the bill agreed to pay certain prices for the conveyance and that the amount of complainant's mortgage was deducted from the purchase price at the various settlements and the grantees taking subject to complainant's mortgage, does not suffice to make defendants primarily liable for the mortgage debt.
Both sides have exhaustively briefed the many cases bearing on the allegations of the bill of complaint, and I must confess that a reading of them tends to confuse and render it difficult in some instances to reconcile the one with the other. However this may be, it seems to me to be well established that the motion to strike should be denied.
In all of the conveyances set forth in the bill of complaint, starting with that of the mortgagor to his grantee and ending with that to Siracusa and Townsend, defendants herein, the allegation is that each successive grantee deducted from the *Page 186 
amount of the purchase moneys they each agreed to pay for the mortgaged premises the full amount of complainant's mortgage and, having done so, paid the balance of the purchase price to their various grantors, and that each grantee, having first deducted the amount of the mortgage from the purchase price, took the conveyance subject to complainant's mortgage.
Assuming the proofs meet the allegations, it seems to me to be well settled that where a purchaser of mortgaged premises has deducted or retained out of the purchase price, as fixed or agreed upon, the amount of the mortgage debt, equity will then raise or impose upon his conscience an obligation to indemnify his grantor, if the latter himself be personally liable for the payment of the mortgage debt, and this although the premises were conveyed subject to the mortgage. Meyer v. Blacker, 120 N.J. Eq. 35; 184 Atl. Rep. 191, in which case Vice-Chancellor Egan cited Tichenor v. Dodd, 4 N.J. Eq. 454; Heid v. Vreeland,30 N.J. Eq. 591; Torrey v. Thayer, 37 N.J. Law 339; Friedman v.Zuckerman, 104 N.J. Eq. 322; 145 Atl. Rep. 541; Reeves v.Cordes, 108 N.J. Eq. 469; 155 Atl. Rep. 547; Dieckman v.Walser, 114 N.J. Eq. 382; 168 Atl. Rep. 582; Fiedler Corp. v.Peak Realty Co., 114 N.J. Eq. 535; 169 Atl Rep. 169.
The court of errors and appeals, in Malcolm v. Lavinson,110 N.J. Law 63 (at p. 65); 164 Atl. Rep. 318, said:
"If, by the terms of a sale, mortgage money is to be taken as a part of the consideration, equity raises upon the conscience of the purchaser an obligation to indemnify the mortgagor against the mortgage debt. Smith v. Colonial Woodworking Co., Inc.,110 N.J. Eq. 418; Crowell v. Hospital of Saint Barnabas, 27 Id.650, 655. But, as has just been indicated, that remedy was evolved on equitable theories (Woodbury Heights Land Co. v.Loudenslager, 60 Id. 403, 409), and doubt has been expressed in both chancery and the law courts as to whether it is available in the courts of law. Tichenor v. Dodd, 4 Id. 454; Loudenslager
v. Woodbury Heights Land Co., 64 N.J.L. 405. We do not decide that question. Redress at law may be had by the grantor where there is an express agreement by the grantee to pay a debt *Page 187 
for which the grantor or his property is bound (Sparkman v.Gove, 44 Id. 252), but mere words of conveyance subject to the encumbrance are not enough. Loudenslager v. Woodbury HeightsLand Co., supra; Kaplan v. Wilderman, 95 N.J. Eq. 463, 465."
The last reported case in the court of errors and appeals is that of Max v. Beckelman, 115 N.J. Eq. 118;169 Atl. Rep. 640, in which the court said (at p. 121):
"Where the purchaser of land encumbered by a mortgage, agrees to pay a particular sum as purchase money, and, on the execution of the contract of purchase, the amount of the mortgage is deducted from the consideration and the land conveyed subject to the mortgage, the purchaser is bound to pay the mortgage debt, whether he agreed to do so by express words or not.
"This obligation results necessarily from the very nature of the transaction. Having accepted the land subject to the mortgage, and kept back enough of the vendor's money to pay it, it is only common honesty that he should be required either to pay the mortgage or stand primarily liable for it. Heid v.Vreeland, 30 N.J. Eq. 591.
"Even if the defendant purchasers cannot be said to have assumed the payment of the mortgages under their contract which so provides in express language, and the premises were intended to be conveyed subject to the mortgages, the equitable doctrine, long and well established is, that where the purchaser deducted or retained out of the purchase price, as fixed and agreed upon, the amount of the mortgage debt, equity will there raise or impose upon his conscience an obligation to indemnify his grantor, if the latter himself be personally liable for the payment of the mortgage debt, and this although the premises were conveyed subject to the mortgage as is claimed by the purchasers in this instant case. Reeves v. Cordes, 108 N.J. Eq. 469;Tichenor v. Dodd, 4 N.J. Eq. 454; Thayer v. Torrey,37 N.J. Law 339; Friedman v. Zuckerman, 104 N.J. Eq. 322."
It is true that the above quoted case is not parallel, as to the factual situation, with the present litigation, but even so, the law as therein stated is that which governs the present case. *Page 188 
It would seem that defendants' contention is that even though the amount of the mortgage is deducted from the stated consideration, that unless there is a contract in which the grantee assumes payment of the mortgage, or unless the deed contains such a covenant, that the grantee may not be held.
The equitable principle, as said by Mr. Justice Case inMalcolm v. Lavinson, supra, "was evolved on equitable principles." The principle implies an agreement to pay on the part of the grantee from the mere fact that the mortgage debt formed part of the consideration and the amount thereof was credited to the grantee in the payment of the purchase money. Necessarily, this principle is not based on an express contract or a covenant in the deed. The liability arises by implication and not by express contract. As Vice-Chancellor Lewis said inDeLotto v. Zipper, 116 N.J. Eq. 344 (at p. 345);173 Atl. Rep. 588, the deducting of the amount of the mortgage from the purchase price constitutes an "equitable assumption." *Page 189