Complainants seek to recover from defendants the amount of a deficiency arising out of a sale under a mortgage foreclosure.
The defendants are a Mr. and Mrs. Handle, mortgagors, and Warner Bros. Theatres, Inc., their grantee of the mortgaged premises.
Warner Bros. move to strike the bill because "the bill of complaint discloses neither an express agreement of assumption" on its part "nor facts from which an agreement to pay can be implied."
Complainant alleges that there was a direct assumption of payment on the part of Warner Bros. Theatres, Inc., that there was an implied or equitable assumption and that "the actions of the parties subsequent to the deed by the payment of interest and principal disclose an assumption."
Complainant has annexed to the bill of complaint copies of an agreement of sale and a deed covering the premises in question. The agreement of sale describes six tracts of land, all with theatre buildings thereon erected. The purchase price of all was fixed at $1,103,000, subject to mortgages aggregating $897,000. The particular tract with which the bill of complaint deals is known as "Towers Theatre," for which the Handles gave a separate deed of conveyance.
Those portions of the bill which the complainants contend support their right to relief are paragraphs 7, 8 and 16.
Paragraph 7 concludes — "The said agreement to convey and the said deed of conveyance from Morris Handle and Gertrude Handle, his wife, to Warner Bros. Theatres, Inc., contained a provision whereby the said grantee, Warner Bros. Theatres, Inc., assumed and undertook the payment of the mortgage hereinbefore referred to."
Paragraph 8 alleges — "The said premises were conveyed for the sum of $250,000. $125,000 thereof was paid in stocks or bonds. The remaining $125,000 was by the assumption and deducting out of the purchase price the mortgage of $125,000 heretofore mentioned."
Paragraph 16 alleges demand was made before the commencement *Page 487 
of this suit of the said Warner Bros. Theatres, Inc., "which had assumed the payment of the said bonds and mortgage and which had purchased the premises from Morris Handle and Gertrude Handle, his wife, and deducted from the purchase price the mortgage."
Going back to paragraph 7 of the bill of complaint, under which it is alleged that Warner Bros. "assumed and undertook the payment of the mortgage hereinbefore referred to," we turn to the agreement of sale annexed to and made a part of the bill of complaint and find that the only language contained therein under which complainants contend that Warner Bros. assumed as aforesaid is paragraph 11, page 8 of the agreement aforesaid, and that paragraph starts out by saying: "The purchase price, which the party of the first, second and third part hereby agree to accept for the sale and delivery of the real property (all six tracts) * * * and which Warner Bros. agree to pay upon the terms, conditions and covenants hereinbefore and hereinafter set forth is One Million One Hundred Three Thousand Dollars ($1,103,000), subject to mortgages of $897,000." The $1,103,000 was to be paid in cash and debentures at a certain valuation fixed in the agreement and the $897,000 "by the assumption without liability for the payment therefor by Warner Bros. of the mortgages hereinafter set forth," and one of the mortgages thereinafter set forth is the $125,000 mortgage on the Towers Theatre property.
Paragraph 23, page 13 of the agreement, provides that in case the Handles could not make title to all of the property set forth in the agreement Warner Bros. should have the right to declare the whole agreement void or accept conveyance of each separate tract of which the grantors were able to make conveyance, and fixes the Towers Theatre at a price of $250,000, and the agreement then says, "from all of which prices shall be deducted the mortgages thereon and which have hereinbefore been agreed to be assumed by Warner Bros." In other words, the price was $125,000 subject to a $125,000 mortgage, and when paragraph 23 says that the mortgage had been "hereinbefore agreed to be assumed by *Page 488 
Warner Bros." reference must be had to the language of the assumption clause in the preceding parts of the agreement, which is "by the assumption without liability for the payment therefor by Warner Bros."
The language quoted above sets forth clearly that the entire consideration for the conveyance of all the property mentioned in the agreement was $2,000,000 but the price at which the sale was made is stated in paragraph 11 as being $1,103,000. It is the mortgages for $897,000 which make up the total of the $2,000,000, but clearly the parties to the agreement did not deduct from the consideration the amount of the mortgage money. They fixed the purchase price at $1,103,000 subject to the mortgages and Warner Bros. assumed those mortgages "without liability for the payment" of said mortgages.
Going to the deed for the Towers tract, the consideration is named as one dollar and other good and valuable consideration, but there is no doubt that the deed conveyed in accordance with the terms of the agreement and that the entire consideration to be paid thereunder for all six tracts was $1,103,000 subject to mortgages.
On the second page of the deed it is recited that the premises are conveyed to Warner Bros. "under and subject to the lien and operation of a certain mortgage given to secure the sum of $125,000. It is expressly understood that the grantee assumes no personal liability to grantors mortgagee or anyone else whomsoever by indemnity or otherwise for the payment of said mortgage either of principal or interest."
It is argued that the above is an assumption clause, on the theory that the use of the word "operation" was intended to mean that Warner Bros. would pay the mortgage indebtedness. I do not so find.
The result is that the bill, on its face, coupled with the copy of the agreement and deed thereunto annexed, does not disclose an assumption on the part of Warner Bros. in such manner as to make that corporation liable for the payment of the mortgage debt, hence complainant is not entitled to look to Warner Bros. as the principal debtor. Nor is there any *Page 489 
implied assumption to be gathered from the facts set forth in the pleadings aforesaid, in view of the fact that the agreement of sale expressly sets forth the purchase price as $1,103,000 subject to mortgages of $897,000, or as stated in paragraph 23 on page 13, as to the Towers Theatre tract, $250,000, from which "price" is to "be deducted" mortgages amounting to $125,000. Nor may it be said that the fact that Warner Bros. paid installments and interest for some period after the conveyance discloses any assumption.
Complainants argue that "for the purpose of this motion, it must be taken for granted that an equitable assumption has arisen, because it is pleaded the mortgage was deducted from the purchase price." It is true that paragraph 8 of the bill of complaint alleges "the said premises were conveyed for the sum of $250,000. $125,000 thereof was paid in stocks or bonds. The remaining $125,000 was by assumption and deducting out of the purchase price the mortgage of $125,000 heretofore mentioned." And in paragraph 7 complainant says that the agreement to convey and the deed of conveyance contained provisions whereby Warner Bros. "assumed and undertook the payment of the mortgage." But the agreement of sale and the deed are annexed to the bill and made a part thereof and the provisions of these instruments control and not an asserted conclusion on the part of the pleader, and as heretofore noted, while there was an "assumption of the mortgage" it was without liability to pay on the part of Warner Bros., and a like reading of the agreement of sale and deed disclose that the mortgages were not deducted from the purchase price but that the consideration for the whole agreement was $1,103,000, subject to mortgages in the sum of $897,000 and of the theatre property described in the bill of complaint for $125,000 subject to mortgages in the sum of $125,000.
The doctrine under which complainant seeks, as mortgagee, to recover against Warner Bros. is well settled, and as stated by the court of errors and appeals in Crowell v. Hospital ofSaint Barnabas, 27 N.J. Eq. 650 (at p. 655):
"The right of a mortgagee to enforce payment of the mortgage *Page 490 
debt, either in whole or in part, against the grantee of the mortgagor, does not rest upon any contract of the grantee with him or with the mortgagor for his benefit." And (at p. 656): "Recovery of the deficiency after sale of the mortgaged premises, against a subsequent purchaser, is adjudged in a court of equity to the mortgagee not in virtue of any original equity residing in him. He is allowed, by a mere rule of procedure, to go directly as a creditor against the person ultimately liable, in order to avoid circuity of action, and save the mortgagor, as the intermediate party, from being harassed for the payment of the debt, and then driven to seek relief over against the person who has indemnified him, and upon whom the liability will ultimately fall. The equity on which his relief depends is the right of the mortgagor against his vendee, to which he is permitted to succeed by substituting himself in the place of the mortgagor. In this respect the mortgagee occupies an entirely different position from that of a surety. The latter, in virtue of his position as surety, acquires in himself a legal right of subrogation to all securities for the debt which come to the possession of the creditor."
And in the case of Feitlinger v. Heller, 112 N.J. Eq. 209
(at p. 211); 164 Atl. Rep. 6, the court said:
"Equity regards a grantee's assumption of a mortgage debt as a covenant to indemnify his grantor; as between themselves the grantee is held to be the debtor and the mortgagor the surety; the covenant inures to the mortgagee on the equitable principle that the surety's security is appropriable to the payment of the debt; the liability of the grantee is enforced in equity to avoid circuity of actions, if the grantor be not personally liable at the time of assumption, the covenant is a nullity; if his liability be released and nothing remains to be indemnified against, the covenant is exhausted. These equitable doctrines are so familiar that we pause in citing the outstanding cases ofKlapworth v. Dressler, 13 N.J. Eq. 62, and Crowell v.Hospital of St. Barnabas, 27 N.J. Eq. 650; Green v. Stone,54 N.J. Eq. 387, and the case of Reeves v. Cordes, 108 N.J. Eq. 469." *Page 491 
Warner Bros., as grantee, agreed with its grantor, the Handles, that the assumption of the mortgage was "without liability for the payment therefor" and the grantee did not thereunder agree to indemnify the Handles, the grantors, and Warner Bros., as between it and its grantors, the Handles, did not become "the debtor," thus making the grantors mere sureties, and it follows that complainants' mortgagees may not pursue the grantee because it is not liable to pay any deficiency that may be collected from the mortgagor.
My finding is that on the face of the pleadings there was no covenant on the part of Warner Bros. to assume and pay the mortgage indebtedness but, on the contrary, the express agreement was that Warner Bros. distinctly contracted against any liability to pay that indebtedness. It follows, therefore, that there was no implied assumption, and there could not be, contrary to the express contract.
Complainant relies on Meyers v. Siracusa, 125 N.J. Eq. 183;4 Atl. Rep. 2d 519, but in that case the allegation of the bill of complaint was that each grantee had the advantage of a deduction of the mortgage debt from the stated consideration and the amount of that mortgage indebtedness was "credited to the grantee in the payment of the purchase money." In that case, unlike the present, there did not appear in the bill of complaint any express contract on the part of the grantee either to assume or not to assume payment of the mortgage debt. Complainant therein relied on the equitable doctrine to enforce payment against the grantee because the amount of the mortgage had been deducted from the purchase price, thereby making the grantee liable whether he agreed to pay the mortgage debt or not. In the case at hand the express agreement was that the grantee should not be liable to pay the mortgage debt. The contract between them distinctly recognized the equitable doctrine and contracted against it, and the mortgagee may not, therefore, look to the grantee.
Even if it could be said that the contract of sale is doubtful in its terms as to whether or not Warner Bros. assumed the payment of the mortgage, the deed of conveyance contains *Page 492 
the following: "Under and subject" to the $125,000 mortgage, "it is expressly understood that the grantee assumes no personal liability to grantor's mortgagee or anyone else whomsoever by indemnity or otherwise for the payment of said mortgage either of principal or interest," and this covenant in the deed was the final contract as between the Handles and Warner Bros. and under the authority of Dieckman v. Walser, 114 N.J. Eq. 382;168 Atl. Rep. 582, the deed was in full execution of the agreement to convey and that agreement became void on the execution and delivery of the deed and the rights of the parties are to be determined by the deed and not by the agreement.
The mere fact that the deed recites a consideration of one dollar and other good and valuable consideration does not give the complainant mortgagee the right to look to the mortgagor's grantee. No matter how the true consideration was paid (I assume it was paid as per the agreement of sale, but be that as it may), the grantee, Warner Bros., contracted with its grantor, both in the contract of sale and the deed, that it "assumed no personal liability to grantor's mortgagee or anyone else whomsoever," including the mortgagor, for the payment of the mortgage debt or interest thereon. Surely equity, as against this express contract, will not "raise or impose upon" the conscience of the mortgagee "an obligation to indemnify his grantor" under the doctrine set forth in the cases cited in Meyers v. Siracusa,supra. It follows that the mortgagee's rights rise no higher than those of the mortgagor. The mortgagor may not recover from his vendee.
It will be noted that there is no allegation in the bill of complaint that the parties, in the execution of the deed, had any other agreement than that expressed in the written contract, therefore, on this motion, a factual question as to whether there was an oral agreement entered into after the execution of the agreement to convey and before the execution of the deed, changing the manner in which the purchase price was to be paid does not arise as it did in Latt to the Use of Malmut v.Schwehm, 10 N.J. Mis. R. 1050; 162 Atl. Rep. 184; affirmed,111 N.J. Law 493.
Motion to strike granted, with costs. *Page 493