This is a suit for divorce for the husband on the ground of the alleged adultery of the wife. The petition charges the wife with committing adultery during the months of March, April, May and June, 1932, "with a man whose name is unknown to the petitioner, but who is described as follows," c. Annexed to the petition is the affidavit of petitioner that the matters and things alleged in the petition are true — as required by chancery rule 256a.
At the hearing it appeared by the petitioner's own positive and unequivocal testimony that he had in fact known, on the night of the commission of one of the alleged acts of adultery, and at least several days prior to the verification and filing of the petition, the identity and name of the man with whom he charged his wife with having committed adultery; and that that man was the only man with whom he charged his wife with having committed adultery. Being interrogated, *Page 531 
he was unable to give any explanation as to why he had made the untrue statement in the petition, and the false affidavit.
By chancery rule 259 it is required that "in suits for divorce on account of adultery the petition shall state the name of the person with whom the adultery was committed, if known * * * and no reference shall be ordered in a suit in which the offense is not so designated; and if the name of the person is stated to be unknown, it must be shown on the reference" (i.e., by the testimony at the hearing before the vice-chancellor, advisory master, or special master, to whom the cause is referred for hearing) "that it was not known at the commencement of the suit."
The necessary implication from the language of this rule is that where the petition states that the name of the co-respondent is unknown, and the truth of that statement is not proven at the hearing, decree will not be granted to the petitioner: so much the more so if that statement is proven untrue.
Moreover, petitioner's conduct in falsely and fraudulently stating in the petition, that the name of the alleged particepscriminis was unknown to him (at the time of the filing of the petition), and in taking a false affidavit in verification of the petition, is unconscionable and requires the dismissal of the petition, under well established principles of equity. Clickner
v. Clickner, 95 N.J. Eq. 479; 123 Atl. Rep. 373; Gluck v.Rynda Development Co., 99 N.J. Eq. 788; affirmed, 100 N.J. Eq. 554; 135 Atl. Rep. 917; Pfender v. Pfender, 104 N.J. Eq. 107;affirmed, 105 N.J. Eq. 247; 147 Atl. Rep. 911.
In the Clickner Case, supra, the principle was applied in a situation where the matter as to which the petitioner attempted to mislead the court was not necessarily material or requisite to his right to relief, but he believed that it was so requisite and material. In the instant case the subject-matter of the false representation is material, under the chancery rules mentioned.
The petition will be dismissed, with costs, in which will be included an allowance of the $100 additional counsel fee requested by defendant. *Page 532