10 N.J. Super. 283 (1950)
77 A.2d 188
HAROLD D. CLARK, ELMO HERRINGTON, HAVES SULLIVAN, ARTHUR SIMMONS, ON BEHALF OF THEMSELVES AND ALL OTHER MEMBERS, OFFICERS OF HOPEWELL BAPTIST CHURCH, AND ALL OTHER PERSONS SIMILARLY SITUATED, PLAINTIFFS,
v.
HENDERSON WATTS, ET AL., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided December 7, 1950.
*284 Mr. David Silver, attorney for plaintiffs.
Mr. Harvey A. Lieb, attorney for defendants.
STEIN, J.S.C.
This action is brought by Harold D. Clark, pastor of Hopewell Baptist Church, who seeks an injunction permanently restraining the defendants from interfering with the performance of his pastoral duties. Pendente lite he asks *285 for a restrain of the same character. The complaint is verified and it charges, amongst other things, that a meeting of the congregation his dismissal as pastor was approved by a mere majority vote and that such vote is ineffective for the stated reason that the "New Directory for Baptist Churches" by Edward T. Hiscox, D.D. (which work plaintiff alleges is the authority adopted and followed by Baptist churches), requires that "a three-quarters vote of all present at such a meeting should be deemed essential to a call." Upon this quoted language from the named book or authority the plaintiff draws and presses the point that the meeting at which he was dismissed was invalid.
On the return of an order to show cause the cited work or authority was received in evidence and the court's attention was directed to note 4 on page 108 thereof. There the quoted language concerning a three-quarters attendance does appear but only in relation to a meeting at which a candidate is "called" to the pastorate. It is there provided that when the church calls one to fill the pastorate, the initial call should not be accepted by the pastor without a three-quarters vote of the members of the congregation present when the "call" is agreed upon. There is nothing, however, in the book which requires the like vote when one already filling the pastorate is to be dismissed. Thus it is apparent that what the plaintiff did was to take the quoted words out of context and to torture the clear language of the manual into a meaning and application entirely alien to the words used in and the purpose intended by the provision under discussion. The willful misuse of the quoted language is obvious, as was the plaintiff's purpose to deceive the court into relying upon the quoted words. It is interesting to note that in the paragraph itself containing the quoted language appear the words: "Let there be transparent honesty in so delicate and important a matter, and no deception practiced." It is very unlikely that the plaintiff failed to read the whole paragraph. Certain it is that he failed to observe its mandate of honesty and commandment against deception. His conduct is offensive to the *286 court. It clearly violates our requirement that "A suitor in equity must come into court with clean hands and he must keep them clean after his entry and throughout the proceedings." A. Hollander & Son, Inc., v. Imperial Fur Blending Corp., 2 N.J. 235, 246 (1949), and cases there cited. "The application of the clean hands maxim does not depend upon an averment in pleadings or the claims of the parties; it may and should be applied by the court of its volition when a situation calling for it is disclosed on the trial by evidence or otherwise." Kem Products Co. v. Levin, 117 N.J. Eq. 560, and cases there cited. Here the plaintiff furnished false testimony by his verified complaint and induced the court, upon that false pleading, to grant ex parte an ad interim restraint. It was held in Pfender v. Pfender, 104 N.J. Eq. 107 (Ch. 1929); affirmed, 105 N.J. Eq. 247 (E. & A. 1929), that "One who by false or misleading testimony or conduct during the hearings in the cause deliberately deceives the court cannot be said to have complied with that rule." The rule referred to is the clean hands requirement by courts of equity. See also Clickner v. Clickner, 95 N.J. Eq. 479, 123 A. 373 (Ch. 1924); Zearfoss v. Zearfoss, 112 N.J. Eq. 530 (Ch. 1933); Meyer v. Blacker, 120 N.J. Eq. 35, 42 (Ch. 1936); Mas v. Coca-Cola, 163 Fed. Rep.2d 505 (U.S.C.C. App. 1947).
In the instant case no answer has yet been filed. However, it is not required that the unconscionable conduct of the plaintiff be pleaded by the defendant. Whenever it is disclosed to the court, and at any stage of the proceedings, the court will sua sponte apply the unclean hands doctrine, 21 C.J. 186, § 171, cited with approval and applied by Vice-Chancellor Berry in Gluck v. Rynda Development Co., 99 N.J. Eq. 788, 802 (Ch. 1926); affirmed, 100 N.J. Eq. 554 (E. & A. 1927). Nor does it matter what has been the wrongful conduct of the defendants. The doctrine of unclean hands may be invoked only against a suitor for relief, whether he be the plaintiff or counterclaimant or cross-claimant, but never against the defendant as such. The conduct that is *287 material to the doctrine is the plaintiff's misconduct, and if that be of serious nature relief will be denied to the plaintiff, no matter how serious are the charges of wrongdoing laid to the defendant. In the instant case there can be no question that the plaintiff's misconduct was of the most serious nature. His misuse of the church manual was conscious and purposeful. It was designed to mislead the court into a false assumption of fact and to induce the allowance of an ad interim restraint. Those purposes were accomplished. The court was deceived and the initial relief sought by the plaintiff was granted. The plaintiff's misconduct, now revealed, disentitles him to further hearing in this court. His hands are unclean in the initiation and conduct of this action and for it all outstanding restraints are vacated and his complaint is dismissed with costs. Present judgment.